2001 ME 108

## UNIVERSITY OF NEW ENGLAND

v.

## Harvey WEINSTEIN.

Supreme Judicial Court of Maine.

Submitted on Briefs: June 25, 2001.

Decided: July 18, 2001.

Jon A. Haddow, Esq., Farrell, Rosenblatt & Russell, Bangor, for plaintiff.

Harvey Weinstein, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendant Harvey Weinstein appeals from entries of summary judgment (Cumberland County, *Mills, J.*) in favor of plaintiff University of New England (UNE) on UNE's claim and Weinstein's counterclaim. Weinstein argues that the court erred (1) in failing to consider the defenses raised in his statement of material facts in opposition to UNE's claim for collection of two promissory notes; (2) in failing to consider his statement of material facts and affidavit on his counterclaim for breach of contract, wrongful dismissal, and denial of due process; and (3) in denying his motion to compel discovery. Contrary to Weinstein's arguments, we find no error and affirm.

[¶ 2] Weinstein's statement of material facts in opposition to UNE's motion on its claim contained no references to the record pursuant to M.R. Civ. P. 7(d)(2). His 54–page, 68–paragraph statement of material facts in opposition to UNE's motion on Weinstein's counterclaim also failed to

comply with M.R. Civ. P. 7(d)(2) (requiring the opposing party to file a "short and concise statement of the material facts"). Further, his affidavit supporting the statement failed to comply with M.R. Civ. P. 56(e) (requiring an affidavit supporting or opposing a motion for a summary judgment to be made on personal knowledge, to set forth such facts as would be admissible in evidence, and to show affirmatively that the affiant is competent to testify to the matters stated therein). Thus, both statements are disregarded. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653. Accordingly, because the facts contained in UNE's statements of material facts are not properly controverted, they are deemed admitted pursuant to M.R. Civ. P. 7(d)(2). *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 6, 721 A.2d 169. Based on these facts, the court did not err in determining that UNE is entitled to judgment as a matter of law on two promissory notes and on Weinstein's breach of contract, wrongful dismissal and due process claims. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924 (citation omitted). Further, contrary to Weinstein's argument, the court did not abuse its discretion when it declined to rule on his motion to compel the production of documents prior to ruling on the motion for summary judgment. *See Moscone v. Andrews*, 600 A.2d 107, 108 (Me.1991).

The entry is:

Judgments affirmed.