2002 ME 140

**Paul E. ROGERS et al.**

v.

**Glenn L. JACKSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 18, 2002.

Decided: Aug. 20, 2002.

---

William Dawson, Belfast, for plaintiff.

Glenn Jackson, Searsmont, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

Majority: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

Dissenting: SAUFLEY, C.J.

CALKINS, J.

[¶ 1] Glenn Jackson appeals from a summary judgment entered in the District Court (Belfast, *Worth, J.*) in favor of Paul and Pamela Rogers on their claim for enforcement of a promissory note. Jackson contends that a genuine issue of material fact exists as to whether his payment obligation under the note was subject to an unfulfilled oral condition. We agree and vacate the judgment.

## I.

[¶ 2] On December 21, 1994, Jackson signed and delivered to the Rogers a promissory note in which he promised to pay them $3000, plus seven percent interest, with half the principal payable in one year and the remaining principal and interest payable in two years. Jackson did not pay any of the amount due under the note. In November 1998, the Rogers brought an action on the note in District Court. In his answer, Jackson denied liability, alleging that the agreement between the parties was that he would pay only if and when he was able, and he had not been able.

[¶ 3] The Rogers filed a motion for summary judgment. Jackson filed an opposition to the motion including a statement of material facts that admitted or qualified the facts stated in the Rogers' statement by reference to Jackson's accompanying affidavit. In his affidavit, Jackson stated that the note was part of a larger oral agreement: instead of foreclosing on a mortgage he held on real property the Rogers had bought from him, he would pay them $10,000 to buy back the property, they would pay any attorney fees, and he "would issue them a note for $3,000 to be paid if and when I was able."

[¶ 4] The court granted the Rogers' motion and entered summary judgment against Jackson. Jackson then brought this appeal.

## II.

[¶ 5] We review the grant of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom judgment has been granted, *Longley v. Knapp*, 1998 ME 142, ¶ 16, 713 A.2d 939, 944, to decide whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact, *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655.

[¶ 6] Jackson's statement of material facts and supporting affidavit raise factual issues of whether the parties' agreement included a condition that Jackson was not obligated to pay unless he was able and, if so, whether he was able to pay. Neither the court's order nor the Rogers' brief on appeal explain why these factual issues do not preclude summary judgment.

[¶ 7] One potential explanation, hinted at by the Rogers, is the possibility that Jackson's statement of material facts could be considered procedurally defective. M.R. Civ. P. 56(h)(2) provides in pertinent part:

A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.

All facts not properly controverted in accordance with this rule are deemed admitted. M.R. Civ. P. 56(h)(4); *Univ. of New England v. Weinstein,* 2001 ME 108, ¶ 2, 777 A.2d 829, 830.

[¶ 8] Jackson's statement of material facts complies with Rule 56. It either admits or qualifies the facts asserted in the Rogers' statement by reference to each numbered paragraph thereof and supports each qualification by a citation to the record. Jackson's statement does not contain any factual assertions, but nothing in the rule or our caselaw requires that it do so. *Cf.* M.R. Civ. P. 56(h)(2) ("The opposing statement *may* contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by paragraph (4) of this rule." (emphasis added)).

■ [¶ 9] Another possible explanation for the grant of summary judgment is that proof of the oral condition of ability to pay could be barred by the parol evidence rule. "The parol evidence rule operates to exclude from judicial consideration extrinsic evidence offered to alter or vary unambiguous contractual language. This proposition, however, presupposes the existence of an integrated contract." *Astor v. Boulos Co.,* 451 A.2d 903, 905 (Me.1982) (footnote omitted). Accepting the allegations of Jackson's affidavit, as we must in reviewing a summary judgment, the agreement between Jackson and the Rogers was only partially integrated. "Where the parties to a written agreement agree orally that performance of the agreement is subject to the occurrence of a stated condition, the agreement is not integrated with respect to the oral condition." *Paine v. Paine,* 458 A.2d 420, 421 (Me.1983) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 217 (1981)). Even apart from the oral condition, the agreement was not completely integrated; the only writing, the promissory note, could not have been the entire agreement of the parties because it was merely a promise by Jackson that imposed no contractual duties on the Rogers.

■ [¶ 10] As a general rule parol evidence of additional terms is admissible to supplement a partially integrated written agreement if the additional terms are consistent with the writing. *Astor,* 451 A.2d at 905–06; RESTATEMENT (SECOND) §§ 215, 216. We have previously stated that this rule applies to proof of oral conditions. *Burrowes Corp. v. Read,* 151 Me. 92, 96–97, 116 A.2d 127, 129 (1955) (citing RESTATEMENT OF CONTRACTS § 241 (1932)). The Second Restatement, however, takes a somewhat different approach with respect to conditions, providing that inconsistency is merely one factor to be considered in determining whether and to what degree an agreement is integrated and does not *per se* bar proof of an oral condition. RESTATEMENT (SECOND) § 217 cmt. b; *see Exch. Nat'l Bank v. DeGraff,* 110 Ill.App.3d 145, 65 Ill.Dec. 683, 441 N.E.2d 1197, 1203 n. 1 (1982). We need not decide whether to adopt this approach because the oral condition alleged by Jackson is not inconsistent with the written promissory note.

■ [¶ 11] In deciding whether an oral condition is consistent with a writing, courts have observed that

[a] certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but only of those which in a real sense contradict the terms of the written agreement.

*Intercont'l Monetary Corp. v. Performance Guars., Inc.*, 705 F.Supp. 144, 149 (S.D.N.Y.1989) (quoting *Hicks v. Bush*, 10 N.Y.2d 488, 225 N.Y.S.2d 34, 180 N.E.2d 425, 427 (1962)); *see also* 11 RICHARD A. LORD, WILLISTON ON CONTRACTS § 33:18, at 650 (4th ed.1999) (oral condition is inconsistent if "repugnant to the conditions or terms actually stated in the writing [or] offered in substitution for them"). The ability-to-pay condition alleged by Jackson is not repugnant to the terms of the note and does not in a real sense contradict them. Instead, the condition, as a term of the larger agreement of which the promissory note is but one part, prevents Jackson's payment obligation under the note from coming into effect until such time as he can afford to pay.

[¶ 12] In sum, because the oral condition supplements but does not contradict the writing, proof of it is not barred by the parol evidence rule. The existence of the oral condition is thus a question of fact; Jackson is entitled to present his evidence on that question even though the factfinder may receive it with skepticism. *See* 3 ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 592, at 554–55 (1960) (although it is "highly improbable" that parties to written contract would orally agree to condition on promise to pay, "[t]he 'parol evidence rule' should not be allowed to close the door" to proof of such condition).

[¶ 13] This conclusion is consistent with Article 3 of the Uniform Commercial Code. The promissory note here is a negotiable instrument. 11 M.R.S.A. § 3–1104(1) (1995). Article 3 provides that, as between the maker and original holder, a negotiable instrument may be delivered conditionally, *id.* § 3–1105(2), and, subject to non-Code parol evidence law, may be supplemented by a separate agreement, *id.* § 3–1117. Many courts have been especially willing to allow parol evidence of an agreement collateral to a negotiable instrument because including such an agreement in the writing would destroy its negotiability. WILLISTON § 33:34, at 740–41.

[¶ 14] We see no basis for concluding that Jackson did not raise genuine issues of material fact as to whether there was an oral condition to his obligation to pay the Rogers and, if so, whether the condition was satisfied. Accordingly, the District Court erred in granting summary judgment in favor of the Rogers.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

SAUFLEY, C.J., dissenting.

[¶ 15] In defending against the Rogers's action to collect on the promissory note, Jackson asserts that the note he signed and delivered to the Rogers was not intended to be binding unless he was able to pay. The Court concludes that this assertion, based entirely on Jackson's proposed testimony of an oral agreement, raises the factual issue of whether a condition precedent was a part of the contract, thereby precluding summary judgment. Because this conclusion represents a misapplication of contract principles, I must respectfully dissent.

[¶ 16] A promissory note is a contract to which basic principles of contract law apply. *QAD Investors, Inc. v. Kelly*, 2001 ME 116, ¶ 13, 776 A.2d 1244, 1248; *Briggs v. Briggs*, 1998 ME 120, ¶ 6, 711 A.2d 1286, 1288. A promissory note may also qualify as a negotiable instrument pursuant to 11 M.R.S.A. § 3–1104 (1995). When interpreting a contract, courts effectuate " 'the parties' intentions as reflected in the written instrument, construed with regard for the subject matter, motive, and purpose of the agreement, as well as the object to be

accomplished." ' *V.I.P., Inc. v. First Tree Dev., LLC,* 2001 ME 73, ¶ 3, 770 A.2d 95, 96 (quoting *Handy Boat Serv. Inc. v. Prof'l Servs., Inc.,* 1998 ME 134, ¶ 7, 711 A.2d 1306, 1308). When an agreement is reduced to writing, extrinsic evidence may be considered only in limited circumstances. *See Gagne v. Stevens,* 1997 ME 88, ¶ 9 n. 5, 696 A.2d 411, 415 n.5 (indicating that, once it is determined that the statute of frauds is satisfied, "parol evidence may be employed for limited purposes").

[¶ 17] If, for example, there is an ambiguity in the written agreement, the court may consider extrinsic evidence in order to ascertain the intent of the parties. *Villas by the Sea Owners Ass'n v. Garrity,* 2000 ME 48, ¶ 10, 748 A.2d 457, 461; *Hilltop Cmty. Sports Ctr., Inc. v. Hoffman,* 2000 ME 130, ¶ 21, 755 A.2d 1058, 1063. A contract term is ambiguous if it is reasonably susceptible to more than one interpretation. *Villas by the Sea,* 2000 ME 48, ¶ 9, 748 A.2d at 461; *Hilltop Cmty. Sports Ctr.,* 2000 ME 130, ¶ 19, 755 A.2d at 1063. When the language of an agreement is unambiguous, however, it must be given its plain meaning. *Villas by the Sea,* 2000 ME 48, ¶ 9, 748 A.2d at 461; *Bangor Publ'g Co. v. Union St. Mkt.,* 1998 ME 37, ¶ 5, 706 A.2d 595, 597. The interpretation of an unambiguous contract is a question of law. *QAD Investors,* 2001 ME 116, ¶ 13, 776 A.2d at 1248; *Villas by the Sea,* 2000 ME 48, ¶ 9, 748 A.2d at 461; *Handy Boat Serv.,* 1998 ME 134, ¶ 7, 711 A.2d at 1308.

[¶ 18] If the parties allege that the unambiguous written instrument reflects only part of their agreement, extrinsic evidence may be presented to assist the court in determining the extent to which the written document represents an integration of their agreement. *Handy Boat Serv.,* 1998 ME 134, ¶ 11, 711 A.2d at 1309; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 214 (1981). A writing is integrated if it represents the final expression of any term of the agreement. *Id.* § 209(1) ("An integrated agreement is a writing or writings constituting a final expression of one or more terms of an agreement."). The extent to which an agreement is integrated is also a question of law. *Gagne,* 1997 ME 88, ¶ 8, 696 A.2d at 414.

[¶ 19] When an agreement is integrated, the parol evidence rule applies. *Handy Boat Serv.,* 1998 ME 134, ¶ 11, 711 A.2d at 1308–09 (citing *Clarke v. DiPietro,* 525 A.2d 623, 625 (Me.1987); *Astor v. Boulos Co., Inc.,* 451 A.2d 903, 905 (Me.1982)). If the written document embodies all the terms of the agreement, it is completely integrated and parol evidence may not be introduced. RESTATEMENT (SECOND) OF CONTRACTS § 213 (1981). If, however, there is a supplemental term not contained in the writing, the agreement is only partially integrated. *See Astor,* 451 A.2d at 905–06. In a partially integrated agreement, extrinsic evidence can be offered to support the existence of a supplemental term *if it does not contradict* the written terms of the agreement. *Loe v. Town of Thomaston,* 600 A.2d 1090, 1092 (Me.1991) ("Under the parol evidence rule a binding partially integrated agreement discharges prior agreements to the extent that it is inconsistent with them."); *Karnofsky v. Elliott,* 570 A.2d 1223, 1224 (Me. 1990) ("Consistent with the Restatement analysis, we conclude that the . . . letter superseded the prior oral agreement to the extent they were inconsistent because the letter need not be a completely integrated agreement to be binding . . . ."); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 213. Therefore, evidence of a condition precedent may be considered, but only if the condition is not inconsistent with the language in the written agree-

ment. *Burrowes Corp. v. Read*, 151 Me. 92, 96–97, 116 A.2d 127, 129 (1955) (quoting 3 WILLISTON ON CONTRACTS § 634 (rev. ed. 1936)) (" '[I]t may be shown ... that the parties agreed by parol that the writing in question should not become effective until some future day or the happening of some contingency, if this is not inconsistent with the express terms of the writing.' ").

[¶ 20] The parol evidence rule equally applies to negotiable instruments subject to the Uniform Commercial Code.

> *Subject to applicable law regarding exclusion of proof of contemporaneous or previous agreements,* the obligation of a party to an instrument to pay the instrument may be modified, supplemented or nullified by a separate agreement of the obligor and a person entitled to enforce the instrument if the instrument is issued or the obligation is incurred in reliance on the agreement or as part of the same transaction giving rise to the agreement. To the extent an obligation is modified, supplemented or nullified by an agreement under this section, the agreement is a defense to the obligation.

11 M.R.S.A. § 3–1117 (1995) (emphasis added). The U.C.C., therefore, specifically anticipates the application of the parol evidence rule to negotiable instruments.

[¶ 21] Here, the promissory note is an unambiguous written agreement. Jackson does not dispute the existence or validity of the promissory note, but rather argues that there is a supplemental term. He concedes, therefore, that the promissory note represents at least a partial integration of their agreement. Because the agreement is partially integrated, the parol evidence rule applies and permits the introduction of an orally agreed upon supplemental term only if it does not contradict the written terms of the promissory note.

[¶ 22] The supplemental term proffered by Jackson directly contradicts the specifics of his written payment obligation. Jackson alleges that the parties agreed that he was not required to honor the promissory note unless he was "able" to do so. Jackson stated in the affidavit he submitted to the District Court: "Part of our oral agreement was that [the Rogers] pay any attorney fees and that I would issue them a note for $3,000 to be paid if and when I was able." The terms of the promissory note, however, explicitly state not only that Jackson agrees to pay the Rogers, but also how much he will pay, when he will pay, and the consequences of failing to pay. The promissory note states, in relevant part:

> FOR VALUABLE CONSIDERATION RECEIVED, I, Glenn L. Jackson ... promise to pay to the order of Paul E. Rogers and Pamela J. Rogers ... the principal sum of THREE THOUSAND DOLLARS ($3,000.00) with interest at the rate of SEVEN PER CENT (7%) per annum, one half the principal amount due and payable one year from the date of this promissory note; the remaining one-half of the principal and interest due and payable on or before two years from the date of this promissory note.

> .     .     .     .     .

> Failure to pay principal and interest as aforesaid, shall constitute a default which shall render the full amount of the unpaid balance, both principal and interest, immediately due and payable at the option of the holder.

Jackson's alleged oral condition thus contradicts the express language in the agreement and the District Court, therefore, properly disregarded it. By its holding today, the Court risks opening every contract, except those whose drafters are sav-

vy enough to include an ironclad integration clause, to a factual dispute over the agreement to pay, even when that agreement is specifically and unambiguously included in the written contract. This holding represents an error of law.

[¶ 23] Because the proffered evidence is barred by the parol evidence rule, and there are no disputed issues of material fact, the District Court properly granted a summary judgment in favor of the Rogers. I would affirm the judgment.