STATE OF MAINE

CUMBERLAND, ss

CIVIL ACTION
DOCKET NO. CV-03-665
RAC-CUM- 12/16/2004

Daryl G. Kelley,
       Plaintiff

v.

Clifford Phillips,
       Defendant

STATE OF MAINE
Cumberland, s Clerk's Office
SUPERIOR COURT

DEC 16 2004

RECEIVED

ORDER

DEC 27 2004

This case comes before the Court on Plaintiff Daryl G. Kelley's Motion for Summary Judgment pursuant to Rule 56 of M.R. Civ. P.

## FACTS

On June 20, 2002 Plaintiff Daryl G. Kelley (Plaintiff) was injured when a skill saw fell through an open skylight in a building where he was working, and struck him in the knee. At the time of the accident, John Day and Tom Mitchell, were working on the roof. Both men had been hired by the Defendant, subcontractor Clifford Phillips (Phillips), whose company was hired to install skylights and do roofing at the site.

Clifford Phillip's insurer, First Financial Insurance Co., hired an adjuster to investigate the accident and denied Plaintiff's claim after concluding that Day and Mitchell were not Phillips' employees. In December 2003, Plaintiff brought a complaint against Phillips, alleging Phillips, as Day's and Mitchell's employer, was vicariously liable for their negligence. Plaintiff also advanced the theory of res ipsa loquitur. On May 3, 2004, Plaintiff requested and received a default

judgment, which was lifted by this Court on July 9, 2004. This Court also granted Phillips leave to file an Answer. On September 2, 2004, Plaintiff filed this Motion for Summary Judgment.

## DISCUSSION

In a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party to decide whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact." *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380 (citations omitted). The court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22. If the record reveals no genuine issue of material fact, then a summary judgment is proper. 2001 ME 158 at ¶ 6, 784 A.2d at 21.

### Count I. Negligence.

Summary judgment may of course be "legitimately used to isolate a question of law that would be dispositive of the case."2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 at 34 (2d ed. 1970). Here, however, a decision on the threshold question of Day and Mitchell's employment status will not dispose of the motion. Plaintiff must also show undisputed facts, viewed in a light most favorable to Phillips, to support each element of his negligence claim. The Law Court has held that, "to prevail in [a] negligence action, the plaintiff must establish that the defendants were under a duty to conform to a certain standard of conduct and that a breach of that duty proximately caused an injury to the plaintiff." *Rowe v. Bennett*, 514 A.2d 802, 804 (Me. 1986). Here Plaintiff has cited no undisputed facts establishing Phillips duty to the Plaintiff, who was

2

employed by the general contractor and working under the open skylight at the time of the accident. Plaintiff in this case has not provided evidence, undisputed or otherwise, of the essential element of proximate cause. Plaintiff must show, not only that Day and Mitchell were employees, but also that (a) Phillips, Day or Mitchell's conduct was a substantial factor in bringing about the harm to Plaintiff, and (b) there is no rule of law relieving Phillips, Day or Mitchell from liability because of the manner in which the negligence has resulted in the harm. *Wing v. Morse*, 300 A.2d 491, 495-96 (Me. 1973). Summary judgment "is almost always inappropriate in negligence cases, except to isolate such an issue as res judicata, release or the statute of limitations because it is usually for the jury to determine whether the conduct in question met the reasonable-man standard. In rare cases, however, summary judgment may be rendered for the defendant or, even more rarely, for the plaintiff." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 at 36 (2d ed. 1970)(citations omitted).

Here there are substantial factual disputes between the parties concerning use, control, and ownership of the saw, and conditions and circumstances at the work site at the time of the accident. Proximate cause is specifically a question of fact for the jury. *Klingerman v. SOL Corp. of Me.*, 505 A.2d 474, 478 (Me. 1986).[1]

Because Plaintiff has failed to identify any undisputed facts that show Phillips, Day or Mitchell's had a duty to Plaintiff, or that their conduct was a substantial factor in bringing about the accident that injured him, or that no rule

---

[1] Indeed, summary judgment "is almost always inappropriate in negligence cases, except to isolate such an issue as res judicata, release or the statute of limitations because it is usually for the jury to determine whether the conduct in question met the reasonable-man standard. In rare cases, however, summary judgment may be rendered for the defendant or, even more rarely, for the plaintiff." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 at 36 (2d ed. 1970)(citations omitted).

of law relieves them from liability, summary judgment cannot be granted in favor of Plaintiff on Count I.

Plaintiff also argues there is no issue of material fact in the threshold question of whether the two men on the roof, Day and Mitchell, were Phillips' employees, and whether Phillips is therefore vicariously liable for their alleged negligence.[2] "Cases in which the status of employee or independent contractor was decided on summary judgment are limited, as they must be, to cases in which the facts were not disputed." *Legassie v. Bangor Publ'g Co.*, 1999 ME 180, ¶ 7 n.2, 741 A.2d 442, 445 (finding disputed issues of whether a delivery person was an independent contractor should have precluded summary judgment).

Here the facts could lead this court to conclude that Day and Mitchell are employees of the Defendant Phillips. The parties agree that Day and Mitchell

---

[2] Under Maine law, "the definition of employment status almost always takes the form of distinguishing an employee from an independent contractor." *North East Ins. Co. v. Soucy*, 1997 ME 106, ¶ 11, 693 A.2d 1141, 1144. The Law Court has held that "control is the most important factor in determining whether an individual is an employee or an independent contractor." *Legassie v. Bangor Publ'g Co.*, 1999 ME 180, ¶ 6, 741 A.2d 442, 444 (citations omitted). Control is held to include "the rights both to employ and discharge subordinates and the power to control and direct the details of the work." *Id.* Because an independent contractor "is not subject to any rights of control by his employer over the details of his physical conduct," a person who hires an independent contractor is not liable for his negligence. *Bonk v. McPherson*, 605 A.2d 74, 78 (Me. 1992)(citations omitted).

The Law Court considers eight factors when determining whether a party is an employee or independent contractor, "regarding no one factor as decisive:" *North East Ins. Co. v. Soucy*, 1997 ME 106, ¶ 11, 693 A.2d at 1144.

(1) the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price;
(2) independent nature of his business or his distinct calling;
(3) his employment of assistants with the right to supervise their activities;
(4) his obligation to furnish necessary tools, supplies, and materials;
(5) his right to control the progress of work except as to the final results;
(6) the time for which the workman is employed;
(7) the method of payment, whether by time or by job;
(8) whether the work is part of the regular business of the employer.

*Id.* (citations omitted). The Law Court has further noted that independent contractor status "presupposes the existence of a binding contract between the parties. . . The most important point in determining [whether a worker is an employee] is the right of either [party] to terminate the relation without liability." *Id.* at ¶ 13, 693 A.2d at 1144 (citing *Murray's Case*, 130 Me. 181, 186-88, 154 A. 352 (1931)).

4

entered no written contract at any time, entered oral agreements with Phillips for each job, had the right to quit or be fired at any time, were supplied by Phillips with truck, ladders, power tools and scaffolding and all the building materials, were paid by the hour, rather than by the job, and did work that was part of Phillips' regular business. The Law Court has noted that the tax scheme used by Phillips is "of minimal consequence" in deciding Day and Mitchell's status. *Legassie v. Bangor Publ'g Co.*, 1999 ME 180, ¶ 9 n.6, 741 A.2d 442, 445. However, uncertainty remains concerning the control Phillips exercised over the work and over Day and Mitchell. The Court refrains, at this juncture, from deciding the threshold question of employment status.

## Count II. Res Ipsa Loquitur

Plaintiff also argues that Phillips is vicariously liable for his employees' negligence under a theory of res ipsa loquitur. Res ipsa loquitur is not a cause of action, but a means of proving negligence indirectly, through inferences drawn from circumstantial evidence. The Law Court explains that the theory "is neither substantive law nor a theory of negligence. Rather it is a form of circumstantial evidence that permits a jury to infer negligence and causation from the mere occurrence of an event." *Poulin v. Aquaboggen Waterslide*, 567 A.2d 925, 926 (Me. 1989). The inference of negligence to be drawn from the evidence "is left to the jury. They are permitted, but not compelled to find it." PROSSER & KEETON ON TORTS § 40 (5th ed.1984)(citations omitted). Under the theory, the plaintiff escapes a nonsuit, or a dismissal of his case since there is sufficient evidence to go to the jury. Because res ipsa loquitur is a theory of evidence, rather than a cause of action, summary judgment is inapplicable on these grounds.

**WHEREFORE** this Court **DENIES** Plaintiff Daryl G. Kelley Motion for Summary Judgment on Count I, Negligence, and Count II, Res Ipsa Loquitur. Plaintiff however, is held to preserve his right to raise the argument of res ipsa loquitur at trial.

Dated _December 16, 2004_

Roland A. Cole
Justice, Superior Court

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

DM

DAVID HERZER ESQ
PO BOX 4600
PORTLAND ME 04112

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

BENJAMIN GIDEON ESQ  PL
PO BOX 961
LEWISTON ME 04243