STATE OF MAINE

CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-314
RAC-CUM-1/3/2005

Elizabeth Shea,

Plaintiff

v.

City of Portland, Claire M. Ross, and
Willard Cushing, LLC,

Defendants

STATE OF MAINE
Cumberland, ss Clerk's Office
SUPERIOR COURT

JAN 03 2005

RECEIVED

JAN 6 2005

ORDER

This case comes before the court on Defendants Claire M. Ross and Willard Cushing, LLC's Motion for Summary Judgment pursuant to Maine Rule of Civil Procedure 56.

## FACTS

On July 4, 2003, Elizabeth Shea (Plaintiff) was injured when she slipped and fell on the ramp[1] leading from a public walkway down to a floating public dock. Both ramp and dock are owned and maintained by Defendant City of Portland. The dock is designated by the City of Portland as a place for local water taxi service to pick up and discharge passengers.

Plaintiff was part of a party of people that had attended a rehearsal dinner in Falmouth, and were returning to Long Island, Maine. At the dock at the time of the accident were Willard Cushing, operator of Defendant Willard Cushing, LLC, (Cushing), a water taxi business, and Defendant Claire M. Ross (Ross), who

---

[1] The pleadings refer to this ramp as a "gangway." It is called a ramp here to avoid confusion with the device, also a "gangway," leading from a dock onto a vessel.

runs a water taxi and charter boat service in Casco Bay. The wedding party had originally contacted Cushing for transportation to Long Island, but because he did not have a boat large enough for the entire party, Cushing contacted Ross, whose boat could accommodate all the travelers.

At the time Plaintiff fell, the ramp was steep, slippery and missing one or more of the cross pieces that provide better footing to its users.

On April 23, 2004, Plaintiff filed a negligence action naming the City of Portland, Cushing and Ross as defendants. Cushing answered, denying that Cushing was a party to any contract for water taxi services with Plaintiff's party that evening, and denying Cushing had any control over the condition of the ramp and dock. Ross also denied control over the ramp and dock, but contested the allegation that Ross, rather than Cushing, had contracted with Plaintiff's party for transportation.

On August 11, 2004, Cushing filed this Motion for Summary Judgment. Ross filed a Motion for Summary Judgment on August 30, 2004.

## DISCUSSION

On a motion for summary judgment, the court views the evidence in the light most favorable to the party against whom judgment is sought, to decide "whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact." *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380 (citations omitted). We give the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22. When the moving party is the defendant, the burden rests on that party to show that the

2

evidence fails to establish a prima facie case for each element of the cause of action. *Stewart ex rel. Stewart v. Aldrich*, 2002 ME 16, ¶ 8, 788 A.2d 603, 606.

## I. Cushing and Ross's Duty of Care to Plaintiff.

Both Cushing and Ross argue there is no issue of material fact concerning the ownership and control of the ramp where Plaintiff fell. Because Cushing and Ross did not own or control the ramp or dock, they argue, they owed Plaintiff no duty of care in connection with the use or condition of that ramp. The City of Portland freely admits Cushing and Ross had no authority to maintain or repair the ramp and dock, and admits the ramp and dock were under the City of Portland's exclusive control. Plaintiff argues Cushing and Ross are common carriers and as such, owe their passengers a duty of care that extends to ensuring passengers a safe passage over the ramp to the dock where the water taxis are waiting.

The Law Court defines common carriers as those "operating public motor transportation for hire." *Roberts v. Yellow Cab*, 240 A.2d 733, 735 (Me. 1968).[2] Common carriers owe their passengers the "the exercise of the highest degree of care compatible with the practical operation of the machine in which the conveyance is undertaken." *Mastriano v. Blyer*, 2001 ME 134, ¶ 13, 779 A.2d 951, 954 (citation omitted). The Law Court has grappled with the question of when that duty of a "high quality of vigilance,"[3] owed by the carrier to its passenger ends[4] and when it begins.[5] In *Roberts v. Yellow Cab*, the Law Court held that

---

[2] *See also*, 43 Am. Jur.2d Insurance § 628 (2004). "One who holds himself or herself out to the public as engaged in the business of transporting persons for hire to the extent of his or her facilities is a 'common carrier.'"

[3] *Packard v. Whitten*, 274 A.2d 169, 178 (Me. 1971).

[4] *See, Mastriano v. Blyer*, 2001 ME 134, ¶¶ 13, 21, 779 A.2d 951, 955, 956 (finding a cab's duty to an intoxicated passenger ended with his safe exit at a safe place, but did not extend to his future safety).

where the carrier did not own or control the place designated for taking on and discharging passengers, the carrier had a duty to stop at a reasonably safe place for passengers to enter.[6] 240 A.2d 733 at 737 (Me. 1968). The Law Court went on the find that "in the absence of any special circumstance, there is no duty of a common carrier to assist passengers in boarding." *Id.* (citing 14 Am. Jur.2d Carriers § 1008). However, in picking up passengers, the Court noted, a carrier's negligence may depend on the "actual or constructive knowledge on the part of defendant of the . . . conditions there existing." *Id.* (noting that an operator's knowledge of the presence of ice or water could constitute conditions giving rise to negligence.) "Knowledge on the part of the defendant of special circumstances . . . is relevant to the carrier's duty in such case and the rendering of reasonably necessary assistance." *Id.*

Here Cushing and Ross did not own or control the ramp or floating dock where they were instructed by the City to pick up and discharge their passengers. Nonetheless, the record on summary judgment includes evidence that Cushing and Ross had knowledge of conditions, including the steepness, slipperiness and disrepair of the ramp on the night in question, that rendered passage down the ramp hazardous. Viewed in a light most favorable to Plaintiff, that evidence raises a disputed issue of fact concerning Cushing and Ross's knowledge and duty, as common carriers under those conditions, to provide the "reasonably necessary assistance" down the ramp to the embarking passengers, including Plaintiff. The disputed issue of Cushing and Ross's duty to assist

---

[5] *See, e.g., Roberts v. Yellow Cab,* 240 A.2d 733 (Me. 1968).

[6] "A common carrier of passengers generally owes a duty to provide a safe place for its passengers to board or alight from its vehicles. When a common carrier stops its conveyances at dangerous or unsafe places, or when the means afforded for boarding or alighting are inadequate or unsafe, it must assist its passengers in boarding or alighting, and it is liable for any injuries resulting from its failure to perform this duty." 13 Am. Jur. 2d Carriers § 1005 (2004).

boarding passengers on the ramp is material to Plaintiff's negligence claim, and defeats summary judgment.

## II. Cushing's Contractual Relationship with Plaintiff.

The Law Court is clear that the heightened duty of care of the common carrier arises out of a contract for carriage. *Roberts v. Yellow Cab*, 240 A.2d 733, 736 (Me. 1968). The liability of the carrier "arises out of contract, [but] is for negligence." *Chaput v. Lussier*, 132 Me. 48, 50, 165 A. 573, 574 (1933). Such a contract for carriage may be express or implied and "is commonly implied from the attendant circumstances." *Roberts v. Yellow Cab*, 240 A.2d at 736. Such a contract may be formed "before actual entry of the traveler into the conveyance" and arises upon "an undertaking on the part of the person to travel in a conveyance provided by the carrier, and an acceptance by the carrier of the person as a passenger." *Id.* (citing 14 Am. Jur.2d Carriers § 740)(finding a contract for carriage arose once a woman telephoned for a taxi and the taxi arrived at her home to pick her up). Whether such a contract for carriage has arisen between a passenger and a carrier is "for the jury to determine under appropriate instructions." *Id.*

Here the parties hotly dispute whether a contractual relationship arose between Plaintiff and Defendant Cushing on or before July 4, 2004. Cushing maintains he entered no contract with Plaintiff's party, that he referred any contract for carriage to Defendant Ross as a friend, and that he had no duty of care to Plaintiff as a result. Defendant Ross disputes Cushing's characterization of their arrangement.

Plaintiff provides evidence that suggests Plaintiff's party transacted solely with Cushing, and never with Ross in contracting for transportation to Long

5

Island on July 4, 2003. Plaintiff provides evidence that Cushing represented to Plaintiff's party that he would procure a large enough boat for the entire party, and that Cushing instructed the party where and when to meet that boat. Plaintiff's evidence also suggests Cushing hired and paid a crew member to assist with the trip in question and was present on the dock when Plaintiff's party arrived to disembark. Plaintiff also provides evidence that Cushing's wife referred Plaintiff's party to Cushing and that Cushing provided or arranged all transportation services for the wedding party. The parties also dispute whether Plaintiff's party paid Cushing or Ross for the transportation to Long Island.

Viewed in a light most favorable to Plaintiff, the evidence shows a disputed issue of fact exists concerning whether a contractual relationship arose between Cushing and the Plaintiff's party, creating a duty of care on the part of Cushing for the party's safe transportation. This is a factual dispute material to Plaintiff's cause of action against Cushing, and sufficient to defeat summary judgment.

**WHEREFORE** this Court **DENIES** Defendants Willard Cushing and Claire Ross's Motion for Summary Judgment pursuant to Maine Rule of Civil Procedure 56.

Dated_____ 3, 2005

_____
Roland A. Cole
Justice, Superior Court

6

CHRISTOPHER CAUSEY ESQ
PO BOX 597
PORTLAND ME 04112

*Eliz. Sha*

MICHAEL SAVASUK ESQ
PO BOX 267
PORTLAND ME 04112

*— WILLARD CUSHING LLC*

MARK DUNLAP ESQ
PO BOX 4600
PORTLAND ME 04112

*City of Portland*

d County
x 287
e 04112-0287

JOHN BASS ESQ
PO BOX 447
PORTLAND ME 04112

*Claire Ross*