STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS.
GAR - YOR   1/9/2005

ROBERT G. BLANCHARD and
DONNA M. BLANCHARD,

      Plaintiffs

   v.                               CV-04-281

PHP PROPERTIES, INC., et al.,

      Defendants
*******************************************
FOX RIDGE CONDOMINIUM
ASSOCIATION and
CONSTANCE B. HUTCHINSON,

      Plaintiffs

   v.                               CV-04-319

ROBERT BLANCHARD and
DONNA BLANCHARD,

      Defendants

**ORDER**

JAN 24 2005

      This case comes before the court on PHP Properties, Inc.'s Motion for Summary Judgment pursuant to Maine Rule 56 of Civil Procedure. In its action to recover condominium fees, Fox Ridge Condominium Association moves to increase an attachment against Robert and Donna Blanchard's property, and the Blanchards move to discharge that attachment.

## FACTS

Robert and Donna Blanchard (the Blanchards) are seeking a declaratory judgment and injunction against PHP Properties, Inc. (PHP), Fox Ridge Condominium Association, (Fox Ridge)[1] and nine individuals associated with the condominium the Blanchards own in Berwick, Maine. The Blanchards allege the condominium association was defectively created and does not comply with state statutes and numerous provisions of its own declaration and bylaws.[2] The Blanchards also claim the Defendants have harassed and discriminated against them in the enforcement of regulations, and have assessed charges against them that are unauthorized or in violation of state law. The Blanchards are asking the court to order the Defendants to cease enforcement of regulations and assessments against the Blanchards until the Defendants are in full compliance with state law and Fox Ridge's declaration and bylaws. The Blanchards also ask the court to order Fox Ridge and PHP to furnish the Blanchards with financial records, and with documentary proof of a validly created condominium association and board. Finally, the Blanchards ask to be reimbursed for all unauthorized fees wrongfully assessed against them, along with attorney fees.

In a separate action, Fox Ridge is bringing suit against the Blanchards for failure to pay assessed condominium fees, and has been granted an attachment in the amount of $500, which Fox Ridge seeks to increase, and which the Blanchards seek to remove.

---

[1] Fox Ridge Condominiums were created by declarant PHP on October 16, 1998. The Fox Ridge Condominium Association was incorporated on July 6, 1999. The declaration stipulated that the association would go through a "Declarant Control Period" lasting from October 16, 1998 through either (1) five years after the first unit was sold or (2) sixty days after 75% of all units were sold, whichever came first. PHP could also voluntarily surrender control to the association's executive board before the end of the Declarant Control Period.

[2] Blanchards are particularly concerned with alleged violations of provisions concerning notice, meetings, access to financial records, budgets, and formation of an executive board.

## ARGUMENT

PHP argues it is undisputed that PHP is not properly a party to this dispute and that summary judgment should be granted in its favor. PHP maintains that, as the condominium declarant, it is not party to any of the alleged violations or misconduct of the condominium association, Fox Ridge. Second, PHP maintains that even if PHP was a party to an untimely formation of the condominium association, the association is now operating and valid. Finally, PHP argues that PHP cannot be held liable for acts of the condominium association once the association was incorporated. PHP also argues that the corporation no longer exists.[3]

The Blanchards argue that PHP falsely represented that a valid condominium association existed when the Blanchards bought their unit on June 29, 2000. The Blanchards maintain that PHP's control over the operation of the condominium association extends to acts and omissions well beyond its formation. The Blanchards argue that declarant PHP, largely through their agent D. James McAtavey, was directly responsible for, and actively involved in the improper operation of the condominium association in violation of State statutes and its own declaration and bylaws during a period that included the Blanchard's purchase of their unit and lasted at least until June 2002.

## DISCUSSION

On a motion for summary judgment, the court views the evidence in the light most favorable to the party against whom judgment is sought, to decide "whether the parties' statements of material facts and the referenced record material reveal a genuine

---

[3]    PHP reports, and Blanchards accept that PHP Properties, Inc. was dissolved by the New Hampshire Department of State on September 1, 2004.

3

issue of material fact." *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380 (citations omitted). We give the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22.

Maine's Condominium Act mirrors the Uniform Condominium Act, and provides for control by a condominium declarant of day-to-day condominium affairs well beyond the incorporation of the unit owner's association. Although by law, the declarant must organize the unit owner's association as a nonprofit corporation before it conveys any units,[4] the declarant often controls the association, including officers, executive board members, and decisions in the first months and years of a condominium's existence. 33 M.R.S.A. § 1603-103(d).[5] During this period of declarant control, the declarant may be held liable by statute to unit owners or the association for costs, including attorney fees, incurred by any wrongful acts or omissions of the declarant or its agents. 33 M.R.S.A. § 1603-111. Indeed, during this time, the declarant and its appointees to the association are held "to a higher standard of care than unit-owner elected directors." 8 RICHARD POWELL, POWELL ON REAL PROPERTY § 54A.04

---

[4]   33 M.R.S.A. § 1603-101 (2004). PHP may have violated this statutory requirement by incorporating the association nine months after the date of its declaration.

[5]   The statute provides:
The declaration may provide for a period of declarant control of the association, during which period a declarant, or persons designated by him may appoint and remove the officers and members of the executive board. Any period of declarant control extends from the date of the first conveyance of a unit to a person other than the declarant for a period not exceeding 7 years in the case of a condominium in which the declarant has reserved development rights, or 5 years in the case of any other condominium. Regardless of the period provided in the declaration, a period of declarant control terminates no longer than 60 days after conveyance of 75% of the units to unit owners other than the declarant. A declarant may voluntarily surrender the right to appoint and remove officers and members of the executive board before termination of that period, but in that event he may require, for the duration of the period of declarant control, that specified actions of the association or executive board, as described in a recorded instrument executed by the declarant, be approved by the declarant before they become effective. Within the above limits, the period of declarant control shall end no earlier than the later of: (1) Conveyance by the declarant of 50% of the units; (2) Termination of any right of declarant to appoint officers of members of the executive board; or (3) Termination of any right of declarant to approve or veto any actions of the association or the executive board.
33 M.R.S.A. § 1603-103(d)(2004).

(2000)(citing 33 M.R.S.A. § 1603-103(a)). That higher standard is reflected in Maine's statute, providing the declarant "is a fiduciary for unit owners with respect to actions taken or omitted at his direction by officers and members of the executive board appointed by the declarant and acting in those capacities or elected by the members [during the declarant control period]. 33 M.R.S.A. § 1603-103(a)(2004).[6]

Here, the Fox Ridge Declaration ( 1.2.9) expressly provides for such a "Declarant Control Period" and incorporates Maine's statutory limitations on the length of time declarant control could operate before control is turned over to the unit owners. Fox Ridge's Declaration also provides for the transition from declarant to unit owner control of the association, including the replacement of declarant-appointed members of Executive Board with unit owner-elected members. (§§ 7.2.1-7.2.2).

Nonetheless, on summary judgment, declarant PHP asserts only that it presently exercises no control over the operation, decisions or financial records of the association, and was not involved in any of the association's acts or omissions complained of by the Blanchards. The affidavit of former PHP president Arthur Corte mirrors PHP's statements of facts asserting PHP itself did not do the acts that the Blanchards attribute to the condominium association and its officers or board members. However, PHP presents no factual allegations or record references that address PHP's declarant control over the condominium association and its officer or board members in the period following its formation. Declarant PHP likewise does not address whether and when a proper transition from declarant control to unit owner control took place.

---

[6] The basis for this very high standard in the Uniform Condominium Act is attributed to the desire of lawmakers to hold declarant-appointed association board members "feet to the fire . . . because the board is vested with great power over the property interests of the unit owners and because there is a great potential for conflicts of interest between unit owners and the declarant." 8 RICHARD POWELL, POWELL ON REAL PROPERTY § 54A.04

PHP's statement of fact asserts that the condominium association is presently "in good standing;" however PHP's record reference for that assertion is to information provided by the Maine Secretary of State confirming that PHP was registered in 1996, filed annual reports from 1996 through 2001 and filed no report in 2002. Such a reference does not support the facts PHP offers concerning the good standing of the condominium association. *Levine v. R.B.K. Caly, Corp.*, 2001 ME 77, 9, 770 A.2d 653, 656 ("A statement of material facts must directly refer the court to the specific portions of the record from which each fact is drawn."). *Id.*

The Blanchards present evidence suggesting that PHP and its agents exercised control over the ongoing operation and decisions of the association for a period of time extending beyond their purchase of a unit in 2000. Viewed in a light most favorable to the Blanchards, their evidence tends to show PHP or its agents may have exercised control over the association's budget, regulations, access to financial records, and other association matters during the times complained of, and may have violated statutory requirements for that control, and the express terms of Fox Ridge's declaration and bylaws.

Although the dates of the Fox Ridge declaration and the association's incorporation are undisputed, a dispute exists concerning both the existence and extent PHP's declarant control, and when or if control passed from PHP to unit owners, thereby freeing PHP of both its fiduciary duties and potential liability to the unit owners like the Blanchards under the Maine Condominium Act statutes governing declarant control.

Because the issue of PHP's declarant control over the condominium association is disputed and is material to issues of PHP's duties and liability to the Blanchards, summary judgment is not appropriate. However, the Blanchards continue to withhold

6

fees assessed by the current association in direct violation of the Fox Ridge Declaration and bylaws the Blanchards are seeking to enforce. Therefore, attachment is allowed to continue and be increased to $1,500.00, limited however to attachment against their condominium unit at Fox Ridge.

## ORDER

This Court **DENIES** PHP Properties, Inc.'s Motion for Summary Judgment.

This Court **GRANTS** Fox Ridge Condominium Association's Motion to Increase Attachment to the amount of $1,500.00, limited to their unit at Fox Ridge.

D. James McAtavey's Motion to File a Late Answer is **GRANTED**.

Dated: January 14, 2005

G. Arthur Brennan
Justice, Superior Court

```
Robert & Donna Blanchard - R. M. A. Nadeau, Esq.
Susan B. Driscoll, Esq. - PHP Properties, Inc.
Arthur Dumas, Esq. - Fox Ridge Condominium Association, Constance B. Hutchinson,
            D. James McAtavey, Chad C. Merwin, Benjamin Roberts, James Simms,
            Stacy Podolec, James Cates, Joseph Knapp
```