STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                            CIVIL ACTION
                                                           DOCKET NO. RE-04-48

HISTORIC MAINE PROPERTIES

                    Plaintiff

         v.                              ORDER ON PLAINTIFF'S
                                         MOTION FOR SUMMARY JUDGMENT

BETH CHAPLIN and
JAMES BUILD, SR.

              Defendants


         This matter is before the court on plaintiff, Historic Maine Properties' motion for

summary judgment pursuant to M.R. Civ. P. 56.


                              **FACTUAL BACKGROUND**

         The following facts, except where noted, are undisputed: By deed dated August

9, 2001 from the Griffin Family Partnership, plaintiff Historic Maine Properties, LLC

(Historic Maine Properties) was granted title to three lots of land in Naples, Maine. By

the same deed, Historic Maine Properties was also granted a perpetual right-of-way

and easement to construct and maintain a septic system. The septic easement was

originally described in an Easement Deed dated August 8, 1996 from James Build, Sr. to

the Griffin Family Partnership. James Build, Sr. and defendant Beth Chaplin own, as

joint tenants, the servient estate over which the septic easement runs.

         The language of the deed, conveying the right of way and easement from the

Griffin Family Partnership to Historic Maine Properties, reads in pertinent part:

> Also conveying a perpetual right-of-way and easement to construct and
> maintain a septic system, under and through a part and portion of the
> property of James Build, Sr. . . . as described herewith . . ..

Commencing and beginning at a stake and at the northwesterly corner of other land of the Griffin Family Partnership, said other land being the second lot and parcel described in deed from Maurice Gemme to Griffin Family Partnership dated March 15, 1996, and recorded in the Cumberland County Registry of Deeds in Book 12400, Page 263. Thence, running southerly along other land of the Griffin Family Partnership 115 feet, more or less, to a point and to the southwesterly corner of that other land of the Griffin Family Partnership. Thence, turning at a right angle, and in a straight line in a westerly direction, and along other land of James Build, Sr., 150 feet, to a point and for a corner. Thence, in a straight line and in a northerly direction, and along other land of James Build, Sr., 115 feet, parallel with and to the first course described herein, to a point and for a corner. Thence, in a straight line and in an easterly direction, and along other land of James Build, Sr., 150 feet, parallel with and to the second course described herein, to a stake and the point of beginning and commencement corner.

This right of way and easement is to run with the land. Furthermore, according the right to enter upon said premises to construct, operate, maintain, repair, and renovate said septic systems and to disturb said land with the additional covenant and agreement that the Grantee herein, their heirs and assigns, shall make good, nevertheless, at their own expense, all damage or disturbance which may be caused to the land of the said Grantor in relation to said construction, installation, repairs or maintenance.

Complaint at Exh. A.

Historic Maine Properties alleges that the servitude granted by the Griffin Family Partnership includes a right of access over other property of the defendants to the septic system easement area. Historic Maine Properties further alleges that Ms. Chaplin has contested the existence and scope of the easement and alleged right of way and that she has "publicized that plaintiff [does] not have the right to construct a septic system or access the system over her property." Accordingly, Historic Maine Properties has brought the instant action seeking, in Count I, a declaratory judgment adjudicating it the owner of an easement and right of way for construction and maintenance of a septic system and access to that system over other property of the defendants. As part of the declaratory judgment it seeks, Historic Maine Properties further asks this court to locate the right of way because the deed is silent as to its precise location. Count II of

the complaint, brought against Ms. Chaplin only, alleges that Ms. Chaplin is liable for slander of title. That count is not at issue in the instant motion.

## DISCUSSION

*Standard of Review*

Summary judgment is proper where there is no genuine issue of material fact. *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380. In considering a motion for summary judgment, the court must "consider the evidence and reasonable inferences that may be drawn from the evidence in the light most favorable to the party against whom the summary judgment [is sought] in order to determine if the parties' statements of material facts and referenced record evidence reveal a genuine issue of material fact." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial. *Id.* (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575).

"[T]he interpretation of a deed is a question of law. When interpreting a deed, a court first gives the words of the deed their 'general and ordinary meaning to see if they create an ambiguity.'" *Wentworth v. Sebra*, 2003 ME 97, ¶ 10, 829 A.2d 520, 524 (quoting *ALC Dev. Corp. v. Walker*, 2002 ME 11, ¶ 10 787 A.2d 770, 774). If there is no ambiguity, the words of the deed "alone determine the parties' intent. However, if the terms are ambiguous, then the court looks to extrinsic evidence to determine the parties' intent." *Id.*

The parties do not dispute the language of the deed nor do they dispute that it conveyed a septic easement to plaintiff. The parties do, however, dispute the meaning of the phrase "right-of-way and easement" contained in the conveyance. Historic Maine Properties argues that the inclusion and plain meaning of the term "right-of-way" necessitates a finding by this court, as a matter of law, that it not only has an

easement to construct and maintain a septic system on the defendants' land but that it also has a right of way over the defendants' adjoining property to access the easement area. The defendants, however, argue that the words "right of way" and "easement" are used together to describe a single servitude and all that was conveyed to Historic Maine Properties' predecessor in interest was a septic easement, the location of which is described in the deed, not a right to access the easement area by way of defendants' other adjoining property. According to the defendants, because the easement deed specifically defines the location of the septic easement and does not include a description of any right-of-way to access the easement area, Historic Maine Properties has no such right of access across the defendants' property.

After reviewing the language of the deed, the court concludes that the language of the conveyance is ambiguous as to whether "right of way and easement" refers to the same servitude or whether that language refers to two distinct servitudes. Accordingly, "extrinsic evidence may be considered to determine the intent of the parties." *Anchors v. Manter*, 1998 ME 152, ¶ 16, 714 A.2d 134, 140-41. This determination of the parties' intent, based upon evidence beyond the four corners of the deed, "is a question of fact." *Id.* (internal quotations omitted).

The defendants allege that the circumstances surrounding the conveyance of the easement at issue demonstrate that James Build, Sr. did not intend to convey a right of access to Historic Maine Properties' predecessor in interest. Rather, according to the defendants, the circumstances surrounding that conveyance demonstrate that no such right of access was conveyed or necessary because Historic Maine Properties' predecessor in interest would have had access to the septic easement by operation of an existing implied easement over another adjoining lot. Historic Maine Properties denies that the parties to the easement deed did not intend to grant a right of access and denies

that the circumstances surrounding the conveyance demonstrate that no such right of access was necessary.

Because the intention of the parties is a question of fact and because the parties dispute the material facts central to a determination of the parties' intent, summary judgment on Count I is inappropriate.

The entry is

Plaintiff's Motion for Partial Summary Judgment is DENIED.

Dated at Portland, Maine this __8ᵗʰ__ day of May, 2005.

_____
Robert E. Crowley
Justice, Superior Court

JEFFREY SELSER ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME 04112-0586

ANDREW SPARKS ESQ
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101

CHRISTOPHER NEAGLE ESQ
TROUBH HEISLER & PIAMPIANO
PO BOX 9711
PORTLAND ME 04104-5011

PAUL DOUGLASS ESQ
PO BOX 1346
LEWISTON ME 04243-1346

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 JUN -3 P 2: 57

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-04-48

HISTORIC MAINE PROPERTIES,

Plaintiff

v.

AMENDED ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

BETH CHAPLIN and
JAMES BUILD, SR.

DONALD L. GARBRECHT
LAW LIBRARY

JUL 18

Defendants

This matter is before the court on plaintiff, Historic Maine Properties' motion for summary judgment pursuant to M.R. Civ. P. 56.

## FACTUAL BACKGROUND

The following facts, except where noted, are undisputed: By deed dated August 9, 2001 from the Griffin Family Partnership, plaintiff Historic Maine Properties, LLC (Historic Maine Properties) was granted title to three lots of land in Naples, Maine. By the same deed, Historic Maine Properties was also granted a perpetual right-of-way and easement to construct and maintain a septic system. The septic easement was originally described in an Easement Deed dated August 8, 1996 from James Build, Sr. to the Griffin Family Partnership. James Build, Sr. and defendant Beth Chaplin own, as joint tenants, the servient estate over which the septic easement runs.

The language of the deed, conveying the right of way and easement from the Griffin Family Partnership to Historic Maine Properties, reads in pertinent part:

> Also conveying a perpetual right-of-way and easement to construct and maintain a septic system, under and through a part and portion of the property of James Build, Sr. . . . as described herewith . . . .

Commencing and beginning at a stake and at the northwesterly corner of other land of the Griffin Family Partnership, said other land being the second lot and parcel described in deed from Maurice Gemme to Griffin Family Partnership dated March 15, 1996, and recorded in the Cumberland County Registry of Deeds in Book 12400, Page 263. Thence, running southerly along other land of the Griffin Family Partnership 115 feet, more or less, to a point and to the southwesterly corner of that other land of the Griffin Family Partnership. Thence, turning at a right angle, and in a straight line in a westerly direction, and along other land of James Build, Sr., 150 feet, to a point and for a corner. Thence, in a straight line and in a northerly direction, and along other land of James Build, Sr., 115 feet, parallel with and to the first course described herein, to a point and for a corner. Thence, in a straight line and in an easterly direction, and along other land of James Build, Sr., 150 feet, parallel with and to the second course described herein, to a stake and the point of beginning and commencement corner.

This right of way and easement is to run with the land. Furthermore, according the right to enter upon said premises to construct, operate, maintain, repair, and renovate said septic systems and to disturb said land with the additional covenant and agreement that the Grantee herein, their heirs and assigns, shall make good, nevertheless, at their own expense, all damage or disturbance which may be caused to the land of the said Grantor in relation to said construction, installation, repairs or maintenance.

Complaint at Exh. A.

Historic Maine Properties alleges that the servitude granted to the Griffin Family Partnership includes a right of access over other property of the defendants to the septic system easement area. Historic Maine Properties further alleges that Ms. Chaplin has contested the existence and scope of the easement and alleged right of way and that she has "publicized that plaintiff [does] not have the right to construct a septic system or access the system over her property." Accordingly, Historic Maine Properties has brought the instant action seeking, in Count I, a declaratory judgment adjudicating it the owner of an easement and right of way for construction and maintenance of a septic system and access to that system over other property of the defendants. As part of the declaratory judgment it seeks, Historic Maine Properties further asks this court to locate the right of way because the deed is silent as to its precise location. Count II of the complaint, brought against Ms. Chaplin only, alleges that Ms. Chaplin is liable for

slander of title. That count is not at issue in the instant motion. Defendant James Build, Sr. was not a party to this action when the motion was filed, briefed, and argued, and his rights are not affected by this Order.

## DISCUSSION

*Standard of Review*

Summary judgment is proper where there is no genuine issue of material fact. *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380. In considering a motion for summary judgment, the court must "consider the evidence and reasonable inferences that may be drawn from the evidence in the light most favorable to the party against whom the summary judgment [is sought] in order to determine if the parties' statements of material facts and referenced record evidence reveal a genuine issue of material fact." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial. *Id.* (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575).

"[T]he interpretation of a deed is a question of law. When interpreting a deed, a court first gives the words of the deed their 'general and ordinary meaning to see if they create an ambiguity.'" *Wentworth v. Sebra*, 2003 ME 97, ¶ 10, 829 A.2d 520, 524 (quoting *ALC Dev. Corp. v. Walker*, 2002 ME 11, ¶ 10 787 A.2d 770, 774). If there is no ambiguity, the words of the deed "alone determine the parties' intent. However, if the terms are ambiguous, then the court looks to extrinsic evidence to determine the parties' intent." *Id.*

Historic Maine Properties and Beth Chaplin do not dispute the language of the deed nor do they dispute that it conveyed a septic easement to plaintiff. They do, however, dispute the meaning of the phrase "right-of-way and easement" contained in the conveyance. Historic Maine Properties argues that the inclusion and plain meaning

of the term "right-of-way" necessitates a finding by this court, as a matter of law, that it not only has an easement to construct and maintain a septic system on defendants' land but that it also has a right of way over the defendants' property to access the easement area. Beth Chaplin, however, argues that the words "right of way" and "easement" are used together to describe a single servitude and all that was conveyed to Historic Maine Properties' predecessor in interest was a septic easement, the location of which is described in the deed, not a right to access the easement area by way of defendants' other adjoining property. According to Beth Chaplin, because the easement deed specifically defines the location of the septic easement and does not include a description of any right-of-way to access the easement area, Historic Maine Properties has no such right of access across the defendants' property.

After reviewing the language of the deed, the court concludes that the language of the conveyance is ambiguous as to whether "right of way and easement" refers to the same servitude or whether that language refers to two distinct servitudes. Accordingly, "extrinsic evidence may be considered to determine the intent of the parties." *Anchors v. Manter*, 1998 ME 152, ¶ 16, 714 A.2d 134, 140-41. This determination of the parties' intent, based upon evidence beyond the four corners of the deed, "is a question of fact." *Id.* (internal quotations omitted).

Beth Chaplin alleges that the circumstances surrounding the conveyance of the easement at issue demonstrate that James Build, Sr. did not intend to convey a right of access to Historic Maine Properties' predecessor in interest. Rather, according to Beth Chaplin, the circumstances surrounding that conveyance demonstrate that no such right of access was conveyed or necessary because Historic Maine Properties' predecessor in interest would have had access to the septic easement by operation of an existing implied easement over another adjoining lot. Historic Maine Properties denies that the parties to the easement deed did not intend to grant a right of access and denies

4

that the circumstances surrounding the conveyance demonstrate that no such right of access was necessary.

Because the intention of the parties is a question of fact and because the parties dispute the material facts central to a determination of the parties' intent, summary judgment on Count I is inappropriate.

The entry is

Plaintiff's Motion for Partial Summary Judgment is DENIED.

Dated at Portland, Maine this _3rd_ day of June, 2005.

Robert E. Crowley
Justice, Superior Court

JEFFREY SELSER ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME 04112-0586


ANDREW SPARKS ESQ
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101


PAUL DOUGLASS ESQ
PO BOX 1346
LEWISTON ME 04243-1346


CHRISTOPHER NEAGLE ESQ
TROUBH HEISLER & PIAMPIANO
PO BOX 9711
PORTLAND ME 04104-5011