ALFRED GOODWIN, in equity *vs.* ELLEN C. SMITH.

York.  Opinion February 1, 1897.

*Equity. Pleading. Spec. Performance. Rule IV.*

It is no longer necessary for the plaintiff in equity to allege in his bill that he has not a "plain, adequate and complete remedy at law."

This, known as the jurisdiction clause, has been abolished by Rule IV of this court, in order to avoid unnecessary prolixity; and its utility has been denied in other courts, when the facts stated, sustained by the proof, do show jurisdiction, although it is omitted.

Upon a bill in equity praying for the specific performance of an oral contract for the sale of land, it appearing beyond a reasonable doubt that the defendant made the contract set out in the bill, accepted money in part payment, permitted the plaintiff to take possession of the land and expend a large sum in improvements on it, *held;* that the plaintiff is entitled to a good and sufficient deed of the land.

ON REPORT.

This was a bill in equity praying for specific performance of an oral contract to convey a lot of land, and was heard by the law court on bill, answer and proofs.

The case is stated in the opinion.

*J. M. Goodwin,* for plaintiff.

*H. H. Burbank,* for defendant.

The plaintiff does not allege in his bill that he has not a "plain, adequate and complete remedy at law." Such an allegation is necessary, and its absence is fatal to the maintenance of this complaint. *Porter* v. *Land & Water Co.,* 84 Maine, 198; *Jones* v. *Newhall,* 115 Mass. 252, and cases cited.

Assuming that the contract was as the plaintiff alleges, his expenditures could be amply remunerated by a verdict in an action at law. His occupation of the premises for the time were to his sole advantage and convenience in transporting his stone to the wharf for shipment. *Richards* v. *Allen,* 17 Maine, 296; *Kneeland* v. *Fuller,* 51 Maine, 520; *Plummer* v. *Bucknam,* 55 Maine, 106; *Jellison* v. *Jordan,* 68 Maine, 373; *Segars* v. *Segars,* 71 Maine, 534; *Thompson* v. *Gould,* 20 Pick. 138; *Cook* v. *Doggett,*

2 Allen, 440 ; *McKowen* v. *McDonald,* 43 Pa. St. 441 ; *Moyer's Appeal,* 105 Pa. St. 432 ; *Burns* v. *Daggett,* 141 Mass. 373.

That he should be entitled to a remedy in equity upon a parol contract (void by the statute of frauds), the agreement must be " concluded and unambiguous," and " so plain as to preclude doubt or hesitation in reaching a conclusion." *Woodbury* v. *Gardner,* 77 Maine, 71 ; *Bennett* v. *Dyer,* ante 17 ; *Williams* v. *Morris,* 95 U. S. 457 ; *Tilton* v. *Tilton,* 9 N. H. 390 ; *Lord's Appeal,* 105 Pa. St. 459 ; *Brown* v. *Brown,* 33 N. J. Eq. 660 ; Browne, Frauds, § 452.]

SITTING : PETERS, C. J., WALTON, EMERY HASKELL, WHITE-HOUSE, STROUT, JJ.

WALTON, J. This is a suit in equity.

The plaintiff says that, being a shipper of granite, he bargained with the defendant for a parcel of land, consisting of about five-eights of an acre, over which he was desirous of constructing a road for the transportation of his granite to the Saco River; that for said parcel of land he agreed to pay her and she agreed to accept three hundred dollars; that in pursuance of said agreement, and in part performance of the same, he paid the defendant one hundred dollars, and entered upon and took possession of the land and expended a large sum of money (about one hundred and seventy-five dollars) in building a culvert and making a passable road over the same, and has at all times been ready to pay the balance due for the land, and has several times offered so to do, if the defendant would give him a deed of it; but that the defendant, although she accepted and still retains the one hundred dollars advanced to her, has hitherto refused, and still refuses to give the plaintiff a deed of the land, falsely giving as an excuse for such refusal, that the contract was for a lease and not for a sale of the land; and the prayer of the plaintiff's bill is that the defendant may be compelled to specifically perform her said agreement, and give the plaintiff a good and sufficient deed of said land.

It is insisted in defense that the plaintiff's bill is fatally defect-

ive because it does not contain an allegation that the plaintiff has not a "plain, adequate, and complete remedy at law." If such an allegation was ever necessary, it is not so now. It is known as the jurisdiction clause, and to avoid unnecessary prolixity, has been abolished by a rule of this court. (Rule IV.) It has also been abolished by the United States Supreme Court. (Rule XXI.) And Judge Story says it was never necessary; that if the other facts stated in the bill do not show jurisdiction, this clause will not give it; and if the other facts stated in the bill do show jurisdiction, and are sustained by the proof, the bill will be sustained though this clause is omitted. Story's Equity Pleadings, § 34; and note 2, citing the rule of the United States Supreme Court.

It is further insisted in defense that the contract was oral, and that the evidence is insufficient to take it out of the operation of the statute of frauds. We think the evidence is sufficient. It is true that to take an oral contract for the sale of land out of the operation of the statute of frauds, the proof of a part performance of the contract, and the proof of the contract itself, must be clear and convincing. Or, as the rule is stated in *Bennett* v. *Dyer*, ante, 17, "the party making the attempt to take the case out of the statute of frauds must establish the existence of the oral contract by clear and satisfactory evidence." But we think the evidence in this case is clear and satisfactory. Viewed in the light of the undisputed acts of the parties, we think the oral proof shows beyond a reasonable doubt that the defendant did make such a contract as is set out in the plaintiff's bill, and that she accepted a hundred dollars in part performance of the contract, and permitted the plaintiff to take possession of the land and expend a large sum of money in constructing a road over it. And we think she must now be required to complete the performance of her contract, and give the plaintiff a good and sufficient deed of the land, as prayed for in his bill.

<div style="text-align:right">

*Decree accordingly, with costs.*