1998 ME 37

**BANGOR PUBLISHING COMPANY**

v.

**UNION STREET MARKET**

**and**

**Karl Gurschick.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 12, 1997.

Decided Feb. 25, 1998.

Paul J, Morrow, Law Office of Carl D. McCue, Hampden, for appellant.

Appellee did not file a brief.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] Karl Gurschick appeals from the judgment entered in the Superior Court (Penobscot County, *Mead J.*) affirming the judgment entered in the District Court (Bangor, *Russell J.*) in favor of Bangor Publishing Company ("BPC") on its breach of contract action. Gurschick contends that the District Court erred in finding that he was personally liable on a contract he executed on behalf of Union Street Market. We disagree and affirm the judgment.

I.

[¶ 2] Gurschick is the president of Union Street Market, a corporation now discharged in bankruptcy. Union Street Market had an advertising account with the Bangor Daily News, a newspaper published by BPC, with an outstanding balance of $4,950. BPC requires that, prior to advertising in the Bangor Daily News, potential advertisers must complete a credit application. Immediately above the signature line, the application states:

AUTHORIZATION:

In consideration of the Bangor Publishing Company, publishers of the Bangor Daily News, extending credit and publishing advertising for the above, the undersigned, jointly and severally, as individuals and in our corporate capacities, if any, agree to pay and guarantee full payment in accordance with the Bangor Publishing Company's credit terms including all costs of collection and attorney's fees, if any....

Gurschick signed the credit application after having it for one week.

[¶ 3] BPC initiated this action against both Union Street Market and Gurschick, alleging that Gurschick had guaranteed the full payment of the market's debts. At trial, the court permitted Gurschick to testify that he did not intend to assume personal liability when he signed the contract, overruling

BPC's objection that the parol evidence rule bars such testimony.

[¶ 4] The court found that "[b]y its plain terms, the agreement provides a guarantee of any credit extended by the signer both as an individual and as a corporate officer." The court went on to consider, however, that "Gurschick intended to absolve himself of personal liability (except for payroll) for the debts of the market." The court held that, because Gurschick failed to provide BPC with sufficient notice of his intent not to assume personal liability, Gurschick was liable on the contract. The Superior Court affirmed. This appeal followed.

### II.

[¶ 5] When the Superior Court acts as an intermediate appellate court, we directly review the decision of the District Court. *Melanson v. Belyea*, 1997 ME 150, ¶ 4, 698 A.2d 492, 493. When contract language is ambiguous, the factfinder may "entertain extrinsic evidence casting light upon the intention of the parties with respect to the meaning of the unclear language." *T–M Oil Co., Inc. v. Pasquale*, 388 A.2d 82, 85 (Me.1978). "Contract language that is unambiguous must be given its plain meaning." *Id.*

[¶ 6] Whether contract language is ambiguous is a question of law which we review de novo. *See Portland Valve, Inc. v. Rockwood Sys. Corp.*, 460 A.2d 1383, 1387 (Me.1983). The contract provision at issue in this case unambiguously imposes personal liability upon the signatory corporate officer. Because the meaning of this provision is clear, the court erred in entertaining evidence of Gurschick's contrary intent. Nevertheless, the court correctly determined that Gurschick is liable to BPC on the contract.

### III.

[¶ 7] We also reject Gurschick's argument that the credit application violates the Maine Unfair Trade Practices Act ("UTPA"), 5 M.R.S.A. §§ 205–A–214 (1989 & Supp.1997). The UTPA makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S.A. § 207 (1989). We have noted that an unfair or deceptive act "must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." *Suminski v. Maine Appliance Warehouse, Inc.*, 602 A.2d 1173, 1174 n. 1 (Me.1992) (quotations and citations omitted).

[¶ 8] Gurschick contends that BPC's attempt to enforce the joint and several liability provision of the contract is an unfair and deceptive practice because BPC did not explain the fine print provision to him. This provision is set forth in clear and unambiguous language. Although it is printed in small text, it is located directly above the signature line, and it is set off from the rest of the contract by a boldface line and by the word "Authorization," which is printed in a large, boldface type. The rest of the one-page contract consists of spaces to be filled in by the applicant. This provision is one of only three sentences that the applicant has to read. Gurschick possessed a copy of the contract for one week before signing it. He could reasonably have avoided the injury that he now claims to have sustained by examining this provision during the course of that week.

The entry is:

Judgment affirmed.