Plaintiff's – Richard D Solman
attorney

Defendant's attorney – Alan F Hardin

STATE OF MAINE                                    SUPERIOR COURT
AROOSTOOK, SS.                                    Docket No. CV-98-144
                                                  PTP-ARO- 3/31/2000

STEELSTONE INDUSTRIES, INC.,        )
            Plaintiff,              )
                                    )
                                    )
        v.                          )       **DECISION AND JUDGMENT**
                                    )
                                    )
RODNEY E. MCCRUM, ET AL.,           )
            Defendants.             )

On December 20, 1999, the parties presented evidence to this Court in a jury-waived trial. Closing arguments and responses were submitted by brief shortly thereafter.

## FACTS

This action concerns the purchase of stock in Fresh Way, Inc., a business operated by Defendants. On February 17, 1997, Plaintiff paid to Defendants $100,000 for 100 shares of preferred stock in Fresh Way. In exchange for this purchase, Defendants signed an "Agreement to Purchase," dated February 14, 1997, in which they agreed to repurchase the 100 shares of preferred stock from Plaintiff on or before April 1, 1998, for $100,000 plus either any accrued but undistributed dividends or interest calculated at a rate of 13% per year.

Plaintiff's president Eugene Bartley made several oral and written requests to Defendants to complete the repurchase. As Defendants failed to repurchase the stock, Plaintiff brought this action, alleging breach of contract and seeking damages as provided in the agreement.

1

## DISCUSSION

Defendants admit the facts as asserted by Plaintiff but contest the validity of Plaintiff's claim. Defendants assert that the "Agreement to Purchase" is in fact an option contract that gave Plaintiff the right to offer its stock to Defendants for repurchase on or before April 1, 1998, and that as Plaintiff failed to timely "tender" the stock to Defendants, Plaintiff's option to sell the stock has lapsed. This Court finds no merit in Defendants' argument.

Whether contract language is ambiguous is a question of law for the Court. Bangor Publ'g Co. v. Union St. Mkt., 706 A.2d 595, 597 (Me. 1998). "Contract language that is unambiguous must be given its plain meaning." Id. (quoting T-M Oil Co. v. Pasquale, 388 A.2d 82, 85 (Me. 1978)). The Agreement to Purchase here is unambiguous, a conclusion unequivocally reinforced by the testimony presented at the hearing on December 20, 1999. The plain meaning required Defendants to repurchase 100 shares of Fresh Way stock from Plaintiff on or before April 1, 1998. Contrary to Defendants' assertions, the agreement on its face does not require Plaintiff to "tender" the stock; rather, it clearly requires Defendants to tender $100,000 plus interest. Accordingly, Plaintiff is entitled to judgment as a matter of law.

The docket entry is:

Judgment is entered for Plaintiff in the amount of $100,000 plus costs and interest calculated at 13% per anum beginning February 14, 1997.

Dated: 3|31|00

Paul T. Pierson
Justice, Superior Court

2