STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-084

ROSEMARY WHEELER,

Plaintiff

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

NOV 24 2003

RECEIVED

ORDER ON
DEFENDANT'S
MOTION
FOR SUMMARY
JUDGMENT

v.

THE HARTFORD INSURANCE
COMPANY

Defendant.

DONALD L. GARBRECHT
LAW LIBRARY

DEC 17 2003

On February 27, 2002, Plaintiff filed a two-count complaint. Count I of Plaintiff's complaint sets forth Plaintiff's claim against Northern Utilities, and Count II sets forth Plaintiff's breach of contract claim against The Hartford Insurance Company. On September 8, 2003, Defendant Hartford Insurance Company moved for summary judgment on Count II.[1]

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. A *pro se* litigant is held to the same standards as a represented party. Dufort v. Bangs, 644

---

[1] On October 6, 2003, Defendant moved to strike the Affidavit of Rosemary Wheeler. That motion is denied. The court has considered the statements in the Wheeler Affidavit in its summary judgment analysis.

A.2d 6, 7 (Me. 1994). In the present action, Defendant is entitled to summary judgment for Plaintiff's failure to establish a breach of contract claim.

To prevail on a breach of contract claim, the plaintiff must establish (1) the existence of a valid and binding contract between the parties; (2) that one party breached its duties with respect to the contract; (3) that the other party suffered damages resulting from the alleged breach. Govan v. Trs. of Boston Univ., 66 F. Supp. 2d 74, 82 (D. Mass 1999), cert. denied, 533 U.S. 906 (2001).

Here, there is a valid binding contract between the parties. "An insurance policy is a contract, which provides terms delineating the categories of liabilities the insurer commits itself to cover and the extent of coverage available for liabilities covered." Korhonen v. Allstate Ins. Co., 2003 ME 77, ¶ 9, 827 A.2d 833, 836-37. Whether the defendant breached its duty to the plaintiff, and whether the plaintiff has suffered damages resulting from the defendant's breach, hinges on the policy language. "When the language of an agreement is unambiguous, it must be given its plain meaning." Villas by the Sea Owners Assoc. v. Garrity, 2000 ME 48, ¶ 9, 748 A.2d 457, 461; Bangor Publ'g Co. v. Union St. Mkt., 1998 ME 37, ¶ 5, 706 A.2d 595, 597.

In the present case, the Homeowners Insurance Policy issued to Plaintiff covers her residence premises. According to Plaintiff's policy, residence premises means: "(a) The one family dwelling, other structures, and grounds; or (b) That part of any other building; where [the policy holder] reside[s] and which is shown as the residence premises in the Declarations." (Screen Aff. Ex. A at 1.) Both parties agree that the property, which is shown as the residence premises in the Declarations portion of the Plaintiff's policy (Screen Aff. Ex. B at 1) and for which Plaintiff is

claiming coverage, is not Plaintiff's residence premises. The court deems the policy language unambiguous and finds that the policy does not cover her losses.[2]

The entry is

Defendant's Motion for Summary Judgment is GRANTED.

Dated at Portland, Maine this 24th day of November, 2003.

Robert E. Crowley
Justice, Superior Court

---

[2] On October 22, 2003, Plaintiff made a motion to amend her Statement of Facts. The court denies this motion for failure to comply with Rule 7(c), which allows twenty-one days within which to file opposition to a motion. See M. R. Civ. P. 7(c). In the present case, Plaintiff's Motion to Amend, which is part of her opposition to Defendant's Motion for Summary Judgment, was filed on the afternoon before the hearing and forty-four days after Defendant's motion. Plaintiff had ample opportunity to respond to Defendant's motion in her original opposition, as well as time to amend or clarify her response to Defendant's motion within the time period prescribed by the court. She has not cited any supporting authority for her motion or grounds to justify granting the amendment. Nor does the court find it appropriate for Plaintiff to amend her statements without serving the motion upon Defendant. See M. R. Civ. P. 5(a) (stating "every written motion . . . shall be served upon each of the parties"). Given that neither Plaintiff's original or amended statements of material facts contest that the insured property was not her residence premises, the court's decision to deny Plaintiff's Motion to Amend does not impact the grounds on which the court bases its decision.

ROSEMARY WHEELER  - PLAINTIFF
211 CUMBERLAND AVE-1611
PORTLAND ME 04101

VS

NORTHERN UTILITIES CORPORATION - DEFENDANT

Attorney for: NORTHERN UTILITIES CORPORATION
JENNIFER S RIGGLE
GERMANI & RIGGLE, LLC
93 EXCHANGE ST
PORTLAND ME 04101

Attorney for: NORTHERN UTILITIES CORPORATION
ELIZABETH GERMANI
GERMANI & RIGGLE, LLC
93 EXCHANGE ST
PORTLAND ME 04101

HARTFORD INSURANCE COMPANY - DEFENDANT

Attorney for: HARTFORD INSURANCE COMPANY
DAVID VERY
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00084

# DOCKET RECORD