STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-07-672

DONALD L. GARBRECHT
LAW LIBRARY

AUG 12 2008

LIDIYA SHAVIROV

Plaintiff,

ORDER

v.

HOME PROPERTIES WMF I, LLC

Defendant.

Before this Court is Defendant Home Properties WMF I, LLC (Home Properties) Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6).

## BACKGROUND

On December 11, 2007, Plaintiff Lidiya Shavirov (Plaintiff) filed a complaint alleging, *inter alia*, that Home Properties did not comply with certain statutory requirements demanded of Landlords in Maine. Plaintiff's Complaint asserts that she is a former tenant of Home Properties, having entered into a year-long lease that began on May 5, 2006 (Lease). Her monthly rent was $925. Plaintiff paid Home Properties a security deposit in the amount of $1,388. In the event that Plaintiff terminated the Lease early, the Lease permitted Home Properties to charge both a turn-over fee of $500 and any rent outstanding under the Lease. Should Home Properties secure a replacement tenant prior to the expiration of the Lease term, the new tenants rent was required to be applied to the outstanding rent due by the original tenant.

On February 28, 2007, Plaintiff vacated the apartment and returned her keys to Home Properties. She had paid her rent through January 2007. She left

1

owing the February 2007 rent, a late fee, and a water and sewerage bill totaling $1,040.78. Home Properties was able to find a replacement tenant in March 2007.

Home Properties then notified Plaintiff that it would retain her $1,388 security deposit, and demanded an additional $2,002.78. A collection agency contacted Plaintiff in March 2007 demanding that she pay the $2,002.78. Plaintiff contacted Pine Tree Legal Assistance. Subsequent to their conversation with Home Properties, the debt was reduced to $808.78. In June 2007, the alleged debt was reported to the credit bureaus. The debt appears on Plaintiff's credit report as an original debt of $2003 with current amount due of $809.

Plaintiff filed the instant Complaint alleging that Home Properties' actions were unlawful under 14 M.R.S.A. §§ 6010-A and 6030 and the Maine Unfair Trade Practices Act (specifically 5 M.R.S.A. § 207).

## STANDARD OF REVIEW

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. "We determine whether the complaint 'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.' *Doe v. District Attorney*, 2007 ME 139, ¶ 20, 932 A.2d 552, 558 (*quoting Persson v. Dep't. of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365).

## DISCUSSION

Plaintiff asserts that Home Properties violated the Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-214 when Home Properties: 1) wrongfully retained

2

Plaintiff's security deposit of $1,388 in violation of 14 M.R.S.A. § 6033; 2) failed to mitigate damages for the early lease termination in violation of 14 M.R.S.A. § 1010-A; 3) wrongfully charged a flat turn-over fee of $500 dollars rather than reasonable expenses incurred due to early termination of the lease, in violation of 14 M.R.S.A. §§ 6010-A AND 6033; and 4) immediately turned over the bill allegedly due to a collection agency. These actions, she asserts caused her both financial and emotional damages.

Home Properties counters that only unlawful provisions within a tenants lease are subject to a UTPA claim, and as no unlawful lease provisions have been asserted, the claim must be dismissed.

## I.    Unfair Trade Practices Act

Under the Unfair Trade Practices Act (UTPA), "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." 5 M.R.S.A. § 207 (2008). Such unfair or deceptive acts or practices must be substantial and must "not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." *Bangor Publishing Co. v. Union Street Market*, 1998 ME 37, ¶ 7, 706 A.2d 595 (citations omitted).

The terms of the UPTA are "not precisely defined, and their applicability should be determined on a case by case basis." *State v. Shattuck*, 2000 ME 38, ¶ 13, 747 A.2d 174, 178 (citations omitted). Establishing "loss of money or property as a result of" the business practice is an essential element of a UTPA claim. *Curtis v. Allstate Ins. Co.*, 2002 ME 9, ¶ 38, 787 a.2d 760, 770. In a Landlord/Tenant action, if a Landlord "require[s] a tenant to enter into a rental

3

agreement for a dwelling unit . . . in which the tenant agrees to a lease or rule provision that has the effect of waiving a tenant right established in chapter 709" a per se violation of the UTPA is deemed to have occurred. 14 M.R.S. § 6030 (2008).

## II.    Alleged Unfair or Deceptive Acts

Home Properties seeks dismissal of the action asserting that only per se violations as listed in 14 M.R.S.A. § 6030 provide grounds for relief under the UTPA in a Landlord/Tenant action. The Court declines to read the UTPA so narrowly. *See Shattuck,* 2000 ME 38, ¶ 16, 747 A.2d at 179. Violations are to be considered on a case by case basis. *Id.* ¶ 13, 747 A.2d at 718.

With respect to the alleged per se violations of the act, while a landlord is certainly entitled to the reasonable costs associated with re-renting an apartment upon early termination of a term lease, the reasonableness of the $500 flat turn-over fee is a question of fact. Additionally, whether or not Home Properties lawfully retained and applied the security deposit is also a factual determination that cannot be resolved at this stage of the litigation.

With respect to Plaintiff's additional allegations of the unfair practice of immediately reporting a potentially inflated debt to a collection agency and bureaus, the Court cannot say at this juncture that such practice was lawful under the UTPA. Accordingly, dismissal is not warranted.

## III.    Damages

Home Properties asserts that Plaintiff has alleged no actual loss of money or property, and thus the claim must be dismissed. However, Plaintiff has alleged wrongful retention of the security deposit, and wrongful application of the $500 flat fee. Accordingly, specific monetary damages have been alleged and

4

thus dismissal is not warranted. The Court is also empowered under the UPTA to order equitable relief, including an injunction, should the Court deem it necessary and proper. *See* 5 M.R.S. § 213(1) (2008).

## Therefore, the entry is:

Defendant's Motion to Dismiss is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __25th__ day of _____July_____, 2008.

Roland A. Cole
Justice, Superior Court

nana County
Box 287
aine 04112-0287

KATHERINE MCGOVERN ESQ
PO BOX 547
PORTLAND ME 04112

*plaintiff*

BENJAMIN CAMPO JR ESQ
ONE MONUMENT WAY
PORTLAND ME 04101

*Defendant*

