STATE OF MAINE
CUMBERLAND, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-663

KAMCO SUPPLY CORP. OF BOSTON,
     Plaintiff

ORDER ON PLAINTIFF'S
MOTION FOR
SUMMARY JUDGMENT

v.

A-PLUS INSULATION, INC., DANIEL COLE,
AND DANIEL COLLINS
     Defendants

Before the Court is Plaintiff Kamco Supply Corp.'s (hereafter "Plaintiff" or

"Kamco") motion for summary judgment against Defendants Daniel Cole and Daniel

Collins as to their liability pursuant to a personal guaranty for the liabilities and

obligations of A-Plus Insulation, Inc (hereafter "A-Plus Insulation"). In their

opposition, Defendants A-Plus Insulation and Cole move for the entry of summary

judgment against Plaintiff Kamco.

## PROCEDURAL HISTORY

Plaintiff filed a multi-count complaint against the three Defendants alleging

breach of contract and unjust enrichment. The Plaintiff seeks to recover damages in the

amount of A-Plus Insulation's outstanding principal balance, accrued interest, and

reasonable attorney fees totaling $ 171,522.49 plus pre- and post- judgment interest at

the contractual rate (%18) and court costs. Defendants A-Plus Insulation and Cole[1]

assert a cross-claim against Defendant Collins on the grounds of contribution and

indemnification. Likewise, Defendant Collins asserts a similar cross-claim against these

defendants.

---

[1] Attorney David Turesky represents both A-Plus Insulation and Daniel Cole.

1

# FACTUAL BACKGROUND

Plaintiff is a Massachusetts corporation that is in the business of providing commercial building products and other related services and products. Defendant A-Plus Insulation is in the business of installing insulation to commercial and residential buildings. Defendant Daniel Cole and Defendant Daniel Collins operated the insulation business as a partnership before incorporating the business on or about May 14, 2003. Presently, Defendant Cole operates and manages A-Plus Insulation, while Defendant Collins resigned as an officer and withdrew from active engagement in the business in the spring of 2007. Defendant Collins remains a current shareholder.[2]

The following facts are undisputed as between Defendants A-Plus Insulation and Cole and Plaintiff Kamco.[3] On March 7, 2003, the three Defendants executed and submitted a commercial credit application to the Plaintiff. The commercial credit application consisted of three sections: Credit Application, Personal Guaranty of Account (hereafter "Personal Guaranty"),[4] and Acknowledgement of Receipt of Conditions of Sales and Terms of Payment (collectively referred hereafter as "Commercial Credit Application"). Defendants submitted the Commercial Credit Application to obtain a line of credit from Plaintiff. The Defendants initially requested a line of credit for $10,000, but the Plaintiff only approved a line of credit for $3,500. The Plaintiff's comptroller offered "to re-evaluate this line of credit" if it would not support

---

[2] Defendants A-Plus Insulation and Cole indicate, "A-Plus Insulation, Inc. is no longer in business." Defs.' Opp. to Pl.'s Mot. Summ. J. at 2. The company's particular stage of dissolution is unclear.

[3] Defendant Collins failed to file *any* opposition to Plaintiff Kamco's motion for summary judgment. "Facts contained in a supporting . . . statement of material facts, if supported by record citations. . . . *shall be deemed admitted unless properly controverted.* M.R. Civ. P. 56(h)(4). Defendant Collins' failure to oppose this motion is fatal to his case. The Court will judgment in favor of Plaintiff on the issue of Defendant Collins' personal liability for the liabilities and obligations of A-Plus Insulation.

[4] The parties cite primarily Maine cases for their arguments, but occasionally cite Massachusetts authority. The Personal Guaranty states that "[a]ll rights and obligations, hereunder shall be governed by the laws of the Commonwealth of Massachusetts and the undersigned hereby submits to the jurisdiction of the federal and state courts in Massachusetts." Def.'s Ex. 4. Neither party submits this to the Court for consideration. Auspiciously, Maine and Massachusetts are in agreement on the law relevant to this motion.

2

the business's needs. Ex. A attached to Mr. Cole's Affidavit. The parties never formally enlarged the credit line, but the Plaintiff increased this line of credit substantially in the years following the execution of the documents. During these years, A-Plus Insulation utilized this commercial line of credit and a balance is claimed to be owed to Plaintiff.

## DISCUSSION

### I. Standard of Review

In a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party to decide whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact. *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380 (citations omitted). The Court gives the party opposing summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22. If the record reveals no genuine issue of material fact then summary judgment is proper. *Id.* ¶ 6, 784 A.2d at 21. A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial. *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179.

### II. Contract Language

The Plaintiff moves for summary judgment against Defendants Cole and Collins as to their liability pursuant to a personal guaranty executed in their capacity as partners operating an insulation business prior to its incorporation.

A guarantee is simply one type of contract and it is interpreted according to ordinary contract principles. *Handy Boat Servs. v. Professional Servs.*, 1998 ME 134, ¶ 7, 711 A.2d 1306, 1308. When multiple documents are executed contemporaneously and in contemplation of a comprehensive agreement, the court construes the documents as

3

one legal instrument. *See id.* ("When a guarantee and contract are executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, they will be construed together as one legal instrument."); *Gilmore v. Century Bank & Trust Co.*, 20 Mass. App. Ct. 49, 56, 477 N.E.2d 1069 (1985) (considering factors such as simultaneity of execution, identity of subject matter and parties, cross-referencing and interdependency of provisions).

### A. Integration of the Agreement

Plaintiff argues that the terms of the Commercial Credit Application, and the Personal Guaranty in particular, are unambiguous. Therefore, argues Plaintiff, the Court should disregard any extrinsic evidence offered for contract interpretation. Defendant Cole contends that the Commercial Credit Application is ambiguous.[5]

It is well known that the parol evidence rule "operates to exclude from judicial consideration extrinsic evidence offered to vary, add to, or contradict the terms of an integrated written agreement." *Brown Dev. Corp. v. Hemond*, 2008 ME 146, ¶ 13, 956 A.2d 104, 108 (quoting *Clarke v. Di Pietro*, 525 A.2d 623, 625 (Me. 1987); *Mass. Mun. Wholesale Elec. Co. v. Danvers*, 411 Mass. 39, 48, 577 N.E.2d 283 (1991). The application of the parol evidence rule presupposes a finding of an integrated contract. *Brown Dev. Corp.*, 2008 ME 146, ¶ 13, 956 A.2d at 108. A contract is integrated if it evidences the final expression of the parties' intentions. RESTATEMENT (SECOND) OF CONTRACTS § 209(1) (1981). Whether a contract is integrated is question of law. *Brown Dev. Corp.*, 2008 ME

---

[5] Defendant Cole's ambiguity rests, in part, on the "change in business form" clause. However, the test for ambiguous contract language is not that the contract is subject to *any* other interpretation; the test is whether it is *reasonably* susceptible to another interpretation. *Botka v. S.C. Noyes & Co.*, 2003 ME 128, ¶ 21, 834 A.2d 947, 953. By reading the Commercial Credit Application as single legal instrument it is clear that the only reasonable interpretation of this language is that it refers to the applicant, namely A-Plus Insulation the partnership. The signatories to this document, namely Defendants Cole and Collins, are natural persons and obviously could not change business forms. The clause does not refer to the Plaintiff Kamco who is referred to throughout the documents as "'Seller', its successors or assigns." Hence, this language unambiguously refers to the change in business form of the applicant.

4

146, ¶ 13, 956 A.2d at 108; *but see Starr v. Fordham*, 420 Mass. 178, 188 n.8, 648 N.E.2d 1261 (1995) ("the question of integration is one of fact reserved for the trial judge.").[6] The Court may consider extrinsic evidence for this initial determination and the scope of the integration. *Handy Boat Servs.*, 1998 ME 134, ¶ 11, 711 A.2d at 1309; *Starr*, 420 Mass. 178, 188 n.8, 648 N.E.2d 1261 (1995).

In determining whether the Commercial Credit Application was the final expression of the parties' intention, the Court considers not only the three documents within the application but also the credit letter from Kamco's comptroller. The Personal Guaranty, viewed in isolation, is expansive. It purports to secure personal liability for *all* liabilities and obligations (existing or after-arising) incurred by A-Plus Insulation. Defs. Ex. 4, ¶¶ 1-2. The Credit Application, however, states that the Defendants sought a credit line of $10,000. Defs. Ex. 1. In response to the submission of the Commercial Credit Application, Kamco's comptroller extended a line of credit for $3,500. None of the documents expressly state either that the personal guaranty was without limitation or that the personal guarantee was capped at either the amount initially requested or initially granted. The Commercial Credit Application also does not contain an integration clause. Viewing this evidence together, the Court concludes that the Commercial Credit Application was not a full and exclusive statement of the terms between the parties. Rather, the Commercial Credit Application was only partially integrated as a matter of law.

B. Parol Evidence

Having concluded that the contract language is only partially integrated, the Court must next consider whether the agreement between the parties is ambiguous as

---

[6] Regardless of this discrepancy between Maine and Massachusetts the Court must nevertheless decide the issue of integration.

to Defendant Cole's personal liability. Whether contract language is ambiguous is a question of law. *Bangor Publ'g Co. v. Union Street Market*, 1998 ME 37, ¶ 6, 706 A.2d 595, 597; *Freelander v. G.&K. Realty Corp.*, 357 Mass. 512, 516, 258 N.E.2d 786 (1970). Contract language is ambiguous if it is "reasonably susceptible to different interpretations." *Botka v. S.C. Noyes & Co.*, 2003 ME 128, ¶ 21, 834 A.2d 947, 953. In the context of a partially integrated contract, the Court may only consider evidence that supplements the terms of the contract. *Rogers*, 2002 ME 140, ¶ 10, 804 A.2d at 381.

The Law Court has a broad view of what information can "supplement" the terms of the contract. *See e.g., id.* ¶ 11, 804 A.2d 382 (holding that an alleged ability-to-pay condition was not repugnant to the terms of a larger agreement). Here, as in *Rogers*, the Court finds that the letter from Kamco's comptroller may serve as a supplement to the Credit Application.

In light of the above discussion, there is a genuine issue of material fact as to the extent of Defendant Cole's personal liability. Defendant Cole may be liable for either the original credit amount requested ($10,000); the amount initially granted ($3,500); or for the full amount of A-Plus Insulation's liabilities and obligations. Alternatively, Defendant Cole may be able to prove at trial that he is discharged from his obligation due to Kamco's alleged material alteration of the contract.[7] In any event, summary judgment is not appropriate for either Plaintiff or Defendant Cole.

Therefore, the entry is:

> Plaintiff Kamco Supply Corp. of Boston's motion for summary judgment against Defendant Collins is GRANTED.

---

[7] The Court cannot resolve, as a matter of law, the argument put forth by Defendant Cole regarding Kamco's alleged material alteration of the contract because there are genuine issues of material facts as to Defendant Cole's personal liability under the agreement. These disputes must be answered before there can be a determination of whether there was a material alteration.

Plaintiff Kamco Supply Corp. of Boston's motion for summary judgment against Defendant Cole is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this $\underline{26^{th}}$ day of $\underline{\hspace{1cm} November \hspace{1cm}}$, 2008.

Robert E. Crowley
Justice, Superior Court

7

ERK OF COURTS
umberland County
P.O. Box 287
nd, Maine 04112-0287

SUSAN SZWED ESQ
PMB 815
PO BOX 9715
PORTLAND ME 04104-5015

Cumberland County
P.O. Box 287
tland, Maine 04112-0287

G CHARLES SHUMWAY ESQ
CHILDS RUNDLETT FIFIELD SHUMWAY
257 DEERING AVE
PORTLAND ME 04103

K OF COURTS
iberland County
P.O. Box 287
, Maine 04112-0287

DAVID TURESKY ESQ
477 CONGRESS ST
SUITE 400
PORTLAND ME 04103-3409