Mc/

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-10-571
JAW-CUM- 9/16/2011

WALTER D. NICHOLAS, ET AL.

Plaintiffs,

v.

SAXON MORTGAGE SERVICES, INC.

Defendant

**ORDER ON DEFENDANT'S
MOTION TO DISMISS**

Plaintiffs Walter D. Nicholas and Deborah A. Nicholas ("Plaintiffs") filed this multi-count complaint (the "Complaint") against defendant Saxon Mortgage Services, Inc. ("Defendant") seeking an accounting of their mortgage payments and remedies under Maine's Truth in Lending Act and Unfair Trade Practices Act. The Defendant has filed a motion to dismiss the Complaint pursuant to M.R. Civ. P. 12(b)(6).

## BACKGROUND

The action arises from property owned by the Plaintiffs located at 18 Deborah Lane, Steep Falls, Maine. Compl. ¶¶ 1, 2. On or about November 15, 2006, the Plaintiffs granted a mortgage on this property to New Century Mortgage Corporation, securing a loan in the amount of $141,000. Compl. ¶ 5. The Defendant services this loan for New Century Mortgage Corporation. Compl. ¶ 8.

1

The Plaintiffs made timely mortgage payments until early 2009 when they began having financial difficulties. Compl. ¶ 10. On July 1, 2009 the Plaintiffs applied with the Defendant to participate in the Home Affordable Modification Plan ("HAMP"). Compl. ¶ 11. On July 25, 2009, the Plaintiffs entered into a written HAMP Trial Period Plan ("TPP") with the Defendant that was signed by the lender on August 25, 2009. Compl. ¶ 12. Starting on July 1, 2009, the Plaintiffs made three monthly payments in the amount of $1,346.41, pursuant to the TPP. Compl. ¶ 13.

Beginning in October 2009, the Plaintiffs received several letters from the Defendant regarding the status of their application for a HAMP modification. A letter, dated October 1, 2009, stated that the Plaintiffs had not submitted all of the required paperwork for the modification and were required to make two additional monthly payments. Compl. ¶ 14. The Plaintiffs received a second letter, sent December 30, 2009, from the Defendant stating that the paperwork was incomplete and that a Final Modification would be denied if it were not received. Compl. ¶ 16. On February 8, 2010 the Defendant sent another letter to the Plaintiffs stating that, because of "additional guidance" announced by the US Treasury, the modification may be affected, that the Plaintiffs "MUST" continue to make the TPP payments, and that failure to continue payments would result in a denial of the modification and future ineligibility for HAMP and other assistance. Compl. ¶ 17. In total, the Plaintiffs made ten payments toward the TPP. Def. Mot. Dismiss, Ex. A.

On March 23, 2010, the Defendant sent the Plaintiffs notice that they failed to qualify for the HAMP modification because their monthly housing expense was less than or equal to thirty-one percent of their gross monthly income.

2

Compl. ¶ 18. The Defendant then sent a Default Notice on April 16, 2010 stating that the Plaintiffs owed a total of $8,728.60 in unpaid mortgage obligations. Compl. ¶ 19. On April 17, 2010 the Defendant sent the Plaintiffs a mortgage loan statement indicating that Plaintiff's owed $14,867.88 in unpaid mortgage obligations. Compl. ¶ 20. The Plaintiffs assert that, as of February 28, 2010, they only owed $674.03 in unpaid mortgage obligations. Compl. ¶ 22.

The Complaint was filed on November 24, 2010 in Cumberland County Superior Court. Defendant removed the matter to the United States District Court for the District of Maine on February 28, 2011 based on diversity of citizenship and amount in controversy, under 28 U.S.C. §§ 1332, 1441, and 1446. Defendant filed a motion to dismiss on February 14, 2011. Judge Hornby dismissed Counts I, III, and IV and ordered the parties to show cause why the remaining counts should not be remanded for failure to meet jurisdictional requirements. On May 20, 2011, Judge Hornby ordered that the remaining counts II, V, and VI be remanded to this Court because of the parties' failure to respond to the order to show cause.

The Defendant filed a motion to dismiss the remaining counts of the Complaint on June 6, 2011. The Plaintiffs have filed an opposition and the Defendant have also filed a reply.

## STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). The court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* When testing the complaint under

3

M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Id.* "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington,* 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

M.R. Civ. P. 12(b) states that if the court considers "matters outside the pleadings" the motion to dismiss must be treated as a motion for summary judgment pursuant to M.R. Civ. P. 56 and all parties be given the opportunity to provide all materials pertinent to a motion for summary judgment. However, the Maine courts recognize a narrow exception to this rule and may consider official public documents, those documents that are central to the plaintiff's claim, and documents referred to in the complaint without converting the motion to dismiss into a motion for summary judgment. *Moody v. State Liquor & Lottery Comm.,* 2004 ME 20, ¶ 10, 843 A.2d 43, 48. The Plaintiffs' Complaint refers to the Plaintiffs' June 16, 2010 letter to Defendant, written pursuant to 5 M.R.S. § 213(1-A), and Defendant's September 2, 2010 response. Both documents are attached to the Defendant's Motion to Dismiss and there has been no challenge to their authenticity in the Plaintiffs' Opposition. As such, the Court considers the Plaintiffs' June 16, 2010 letter and Defendant's September 2, 2010 response as part of the Complaint.

## DISCUSSION

### 1. Count II

In Count II the Plaintiffs seek an accounting of all payments they have made on the mortgage since its inception in 2006. An accounting is an equitable remedy used to prevent a party from being unjustly enriched. Horton &

4

McGhee, *Maine Civil Remedies*, § 8-1 at 199 (4th ed. 2004). "To seek an accounting, a party should allege in the complaint facts sufficient to establish that an accounting should be ordered, and should include in the prayer for relief a request for an accounting." *Id.* § 8-3 at 202. While an accounting has traditionally been used where the parties are in a fiduciary relationship or maintain mutual accounts, equity jurisdiction may be based solely on the need for an accounting to provide complete relief. *Id.* at 201-02; *Graffam v. Wray*, 437 A.2d 627, 640 n.12 (Me. 1981). Furthermore, it is not necessary for the plaintiff to include the allegation that there is "not a plain, adequate and complete remedy at law" in the pleadings, as long as the other facts in the complaint show that jurisdiction exists. *Lovejoy v. Coulombe*, 131 A.2d 450 (Me. 1957); *Goodwin v. Smith*, 89 Me. 506, 508, 36 A. 997, 998 (1897).

The Plaintiffs' basis for requesting an accounting is the discrepancy between their assertion that the unpaid balance on the mortgage as of February 28, 2010 is $674.03 and the Defendants two conflicting statements of the unpaid balance of $8,728.60 on April 16, 2010 and $14,867.88 on April 17, 2010. Compl. ¶¶ 34, 35, 36. The Plaintiffs also allege that the Defendant has not properly credited to the Plaintiffs' account mortgage payments that have been made. Comply. ¶ 22. The logical implication of these allegations is that the Defendant has unjustifiably retained certain sums of money that, while rightfully belonging to the Defendant, were not properly credited to the Plaintiffs' account. Although the Plaintiffs admit that no money is owed to them and that they in fact continue to be behind in payments, the consequence of this discrepancy may result in foreclosure. This count sounds in unjust enrichment and the Plaintiffs have

5

pleaded sufficient facts to state such a claim and seek an accounting as a remedy. The Court DENIES the Defendant's motion as to Count II.

2.      Count V

In Count V the Plaintiffs allege that the Defendant has violated 9-A M.R.S. § 8-206J(1)(B)(1), (2), and (3), Maine's statutory Residential Mortgage Loan Requirements under the Truth in Lending Act.   The statute states:

> B. In connection with a consumer credit transaction secured by a consumer's principal dwelling, a servicer may not:
>
> (1) Fail to credit a payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency or except as provided in subparagraph (4);
>
> (2) Impose on the consumer any late fee or delinquency charge in connection with a payment, when the only delinquency is attributable to late fees or delinquency charges assessed on an earlier payment and the payment is otherwise a full payment for the applicable period and is paid on its due date or within any applicable grace period;
>
> (3) Fail to provide, within a reasonable time after receiving a request from the consumer or any person acting on behalf of the consumer, an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in full as of a specified date; or
>
> (4) Fail to credit a payment as of 5 days after receipt if a servicer specifies in writing requirements for the consumer to follow in making payments, but accepts a payment that does not conform to the requirements. ...

9-A M.R.S. § 8-206J(1)(B) (2009).

The Complaint states that the Defendant received payments from the Plaintiffs, placed those payments in a suspension account, and improperly credited the Plaintiffs' account, resulting in the imposition of late fees and causing the Plaintiffs "to appear even further delinquent." Compl. ¶¶ 51, 53. The September 3, 2011 letter from the Defendant purports to explain how the Plaintiffs' payments were posted to their account. It states that whenever a

6

partial payment is received it is put into a "suspense account until the full contractual amount is due." Def. Mot. Dismiss, Ex. A. Based on the figures included in this letter, the Court understands this statement to mean that a payment is not credited to a debtor's account until the Defendant has received enough money to cover one full monthly payment. In viewing the Complaint and the other documents in the light most favorable to the Plaintiffs, it appears that the Defendant held $3,913.34 in payments made by the Plaintiffs on December 9, 2009 and January 16, 2010 without crediting any "full contractual payments" to the Plaintiffs' account and without explanation for this failure. *See* Def. Mot. Dismiss, Ex. A.

The Plaintiffs claim that the Defendant violated 9-A M.R.S. § 8-206J(1)(B)(1) by not posting full payments to their account and that this failure resulted in their "appearing even further delinquent." Compl. ¶ 53. The Defendant argues that the Complaint does not allege any charge to the consumer resulting from the delay in crediting because paragraph 53 only cites the appearance of further delinquency as the injury. However, given the standard of review on a motion to dismiss, the Court finds that the allegation in paragraph 51 (that the Defendant charged the Plaintiffs late fees in connection with the delay in crediting the account) is sufficient to support the "charge to the consumer" element of section 1.

The Plaintiffs also allege that they have been charged late fees in violation of 9-A M.R.S. § 8-206J(1)(B)(2). Again, given the standard of review on a motion to dismiss, the Court finds that the Plaintiffs have sufficiently alleged that the Defendant charged late fees at some point after allegedly not crediting payments to the Plaintiffs' account. The Defendant argues that the September 3, 2010 letter

7

clarifies that the Plaintiffs were not charged a late fee in violation of the statute but that letter does not, in fact, clarify how or why the late fees were charged. Taking the allegations in the Complaint as true the Court finds the Complaint sufficient to state a claim under this section.

The Plaintiffs also allege that the Defendant failed to provide an accurate statement of the total outstanding balance on the mortgage loan within a reasonable time of their June 16, 2010 request, in violation of 9-A M.R.S. § 8-206J(1)(B)(3). Compl. ¶¶ 54, 55. It is unclear from the Complaint when and how the Plaintiffs sought this information from the Defendant. Regardless, the Plaintiffs have sufficiently stated a claim on which relief may be granted under the first two subsections of this statute. The Court DENIES the motion as to Count V.

3. Count VI

In Count VI the Plaintiffs allege that the Defendant entered into the TPP with the Plaintiffs with the knowledge that the Plaintiffs did not and would not qualify for a mortgage modification under the HAMP. Compl. ¶ 57. Thereby, the Plaintiffs allege that the Defendant was engaged in an unfair or deceptive trade or practice and that the Plaintiffs suffered monetary loss as a result. Compl. ¶ 57.

The Maine Unfair Trade Practices Act declares unfair methods of competition and unfair or deceptive acts or practices to be unlawful. 5 M.R.S. § 207 (2009). It further provides a private remedy for actual damages, restitution, or other equitable relief to any person

> who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes who thereby suffers any loss of money or property, real or

8

personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207.

Id. at § 213(1). As a condition precedent to filing a private action, a plaintiff must make a "settlement offer" to the defendant identifying the claimant, identifying the unfair act or practice relied upon and injuries suffered, and identifying the relief requested. *Id.* at § 213(1-A). Failure to comply with the technical requirements of the settlement offer is not jurisdictional, although it may result in disallowance of certain protections of the statute. *Kilroy v. Ne. Sunspaces, Inc.*, 2007 ME 119, ¶¶ 10-18, 930 A.2d 1060, 1063-64; *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors*, 659 A. 2d 267, 272-73 (Me. 1995).

An unfair or deceptive act must be substantial, must not be outweighed by any countervailing benefit to consumers or competitors, and the injury must be an injury that consumers themselves could not reasonably have avoided." *Bangor Publ'g Co. v. Union St. Mkt.*, 1998 ME 37, ¶ 7, 706 A.2d 595, 597 (citing *Suminski v. Me. Appliance Warehouse, Inc.*, 602 A.2d 1173, 1174 n.1 (Me. 1992)). "An act or practice is deceptive if it is a material representation, omission, act or practice that is likely to mislead consumers acting reasonably under the circumstances." *State v. Weinschenk*, 2005 ME 28, ¶ 17, 868 A.2d 200, 206. This means that the information involved is important to the customer and would affect the customer's choice of or conduct regarding a product. *Id.* It does not matter that the defendant acted in good faith or without the intent to deceive. *Id.*

The Plaintiffs have alleged sufficient facts to withstand the motion to dismiss Count VI. They allege the unfair act was the Defendant's entering into the TPP while knowing that the Plaintiffs ultimately would not qualify for a modification. They also allege continued requests from the Defendant for additional payments beyond the original three-month TPP. Compl. ¶¶ 14, 17.

9

These requests indicated that eligibility for HAMP would be jeopardized if the Plaintiffs did not comply. The Plaintiffs allege that they suffered a loss of money because the TPP payments made between July 2009 and March 2010 were in an amount greater than their monthly mortgage payment: an amount likely to be considered substantial. The Defendant argues that because the Plaintiffs initiated the HAMP modification and entered the TPP "voluntarily and knowingly" there could not have been a deceptive act. Def. Mot. Dismiss 8. Entering into the TPP voluntarily and knowingly does not negate the allegation that the Defendant had information that it did not share with the Plaintiffs until ten payments had been made. Furthermore, whatever technical deficiencies the Plaintiffs' settlement offer letter may contain does not preclude their bringing this claim. The Defendant's motion to dismiss Count VI is DENIED.

**The entry is**

The Defendants' motion to dismiss is DENIED.

DATE: September 16, 2011

Joyce A. Wheeler
Justice, Superior Court

10